The STATE of Ohio, Appellee,

v.

MARVIN, Appellant.

[Cite as *State v. Marvin* (1999), 134 Ohio App.3d 63.]

Court of Appeals of Ohio,
Third District, Union County.

Nos. 14–98–54 and 14–98–59.

Decided June 23, 1999.

*R. Larry Schneider,* Union County Prosecuting Attorney, and *John C. Heinkel,* Assistant Prosecuting Attorney, for appellee.

*Kerry Donahue,* for appellant.

WALTERS, Judge.

Matthew Marvin brings two separate appeals from two separate judgments of the Court of Common Pleas of Union County. In the first judgment appealed, the trial court sentenced Marvin to three consecutive prison terms following a community control violation. In the second judgment appealed, the trial court resentenced Marvin after the court perceived an error in the prior sentencing

proceeding. For purposes of judicial economy, we have consolidated these appeals for singular review.

The record reveals that on February 17, 1997, Marvin pled guilty to one count of theft, in violation of R.C. 2913.02, and two counts of forgery, in violation of R.C. 2913.31(A)(3). Marvin admitted stealing two blank checks from the residence of Kenneth Johnson, filling them out in a total amount of $200, payable to himself, and signing Johnson's name as drawer. For these offenses, all fifth-degree felonies, Marvin was sentenced to eleven months of community control on each count, to run concurrently. As a part of this sentence, Marvin was ordered to make restitution, perform community service, serve time at the Union County Discipline and Rehabilitation Center, and obtain a GED. No appeal was taken from this sentence.

When Marvin failed to satisfactorily complete the sentence of community control, he was charged with violating his community control. A hearing was held on the matter on December 17, 1997. At the time, Marvin was not represented by counsel. The trial court found Marvin in violation, vacated its February 1997 sentencing order, and resentenced Marvin to twelve months in prison on each of the three felony convictions, to be served consecutively. The court made no findings relative to sentencing Marvin to prison, and the execution of the sentence began immediately.

On October 7, 1998, Marvin, represented by counsel, filed a motion for rehearing on the community control violation, claiming that he was improperly denied his right to counsel during the violation hearing. The trial court granted the motion, and on October 22, 1998, a second hearing was held with counsel for Marvin in attendance. The trial court again found that Marvin had violated community control and again resentenced Marvin to the maximum penalty of twelve months imprisonment on each of his felony convictions, and the sentences were again ordered to run consecutively. Also for a second time, the court failed to make any findings regarding the sentencing factors contained in R.C. 2929.11 *et seq.* On November 20, 1998, Marvin filed his first appeal from this judgment.

Thereafter, the trial court issued a *sua sponte* judgment entry, ordering a resentencing hearing on Marvin's community control violation. A third hearing was held on the matter on December 17, 1998. Marvin, represented by counsel, objected to the proceeding on the basis that the trial court had lost jurisdiction over the matter because a notice of appeal had been filed from the court's October 22, 1998 judgment. In response to this objection, the trial court vacated the October judgment and proceeded to find Marvin in violation of community control. The court then resentenced Marvin for a third time to the same punishment as ordered previously, only this time, the court made the findings on

the record, pursuant to R.C. 2929.11 *et seq.* Marvin filed his second appeal from this judgment.

To date, Marvin has served over seven months of his underlying community control sentence and approximately seventeen months in prison after the violation.

Appellant raises six assignments of error in his consolidated appeal. For a more orderly disposition of these assignments of error, we will address them out of their original sequence.

Assignment of Error No. 3.

"The court erred when it resentenced the defendant without jurisdiction to do so."

Assignment of Error No. 4.

"The court erred when it failed to properly follow the sentence guidelines at the third resentencing hearing on December 17, 1998."

In these assignments of error, appellant challenges the action taken by the trial court in resentencing appellant in December 1998, subsequent to appellant's filing of a notice of appeal of the court's October 1998 judgment entry.

As the Supreme Court of Ohio has stated in *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146, 637 N.E.2d 890, 895, "[w]hen a case has been appealed, the trial court retains all jurisdiction *not inconsistent with* the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." (Emphasis added.) See *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355; *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus. Once appellant perfected an appeal from his October 22, 1998 sentence, any action by the trial court on the sentencing issue would be inconsistent with this court's jurisdiction to reverse, modify, or affirm the judgment. Consequently, when the trial court held additional hearings and resentenced appellant in December 1998, it did so without jurisdiction, and its judgment on the matter is void.

Because we find that the trial court lacked jurisdiction over the sentencing issue after November 20, 1998, the date of filing of the first notice of appeal, we sustain appellant's third assignment of error and find that appellant's fourth assignment of error is rendered moot.

Assignment of Error No. 1.

"The court erred in failing to give the defendant the proper notice that if he violated community control he could face up to three years in prison."

In this assignment of error, appellant challenges the trial court's October 22, 1998 judgment, following his violation of community control, wherein the court sentenced appellant to twelve months of prison time on each of his fifth-degree felony convictions, to run consecutively. Appellant contends that when the trial court originally sentenced him to concurrent terms of eleven months of community control on each felony offense, it failed to advise him that he could be imprisoned if community control was violated. Because he was not notified at sentencing, pursuant to R.C. 2929.19(B)(5), of the prison term he faced if he violated community control, appellant contends that he could not be sentenced to prison upon a violation. R.C. 2929.15(B). We agree.

The record clearly supports appellant's assertion that the trial court failed, when originally sentencing appellant in February 1997, to notify appellant of any possible prison time that could be imposed for a violation of community control, as required by R.C. 2929.19(B)(5). This statute states:

"If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court *shall notify the offender that, if the conditions of the sanction are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation,* as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)

Clearly, the requirement of such notification at sentencing is statutorily mandated.

Furthermore, upon a violation of community control, R.C. 2929.15(B) sets out the allowable penalties to be imposed upon a violator. Among those listed is the possibility of a prison term. However, when imposing a prison term on a violator, the trial court shall not exceed the term it originally notified the defendant of at the sentencing hearing.

"The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed *and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code.*" (Emphasis added.) R.C. 2929.15(B).

█ We find it important to acknowledge that at appellant's original plea hearing, held on February 17, 1997, appellant signed a journal entry "withdraw-

ing plea of not guilty, entering plea of guilty and agreed sentencing." This entry, as it relates to appellant's guilty plea, indicates he was informed of and understood the rights he was waiving by entering a plea of guilty. It further informed appellant of the range of possible sentences available for his offenses, providing at one point:

"If I am granted community control at any point in my sentence and if I violate any of the conditions imposed, I may be given a longer period through court control, greater restrictions, or a prison term from the basic range of sentence[s] up to a maximum of five years."

While appellant was told at the plea stage of the proceeding of the spectrum of many possible penalties he faced when entering his guilty plea, including a prison term for a violation of community control, appellant did not know which of these penalties would ultimately constitute his sentence. Thus, it cannot be said that information from the plea sufficed as notice to appellant of his specific sentence.

We further add that the clear language of R.C. 2929.19(B)(5) requires that, when a prison term is reserved as a penalty for a community control violation (notice is given), the trial court is directed to select a term of incarceration from the statutorily allowable terms set out in R.C. 2929.14. In this case, the most appellant could have faced was three one-year terms, not a five-year prison term, pursuant to R.C. 2929.14(A)(5). Furthermore, the three consecutive one-year terms were applicable, *only if the trial court decided at sentencing to reserve such a specific prison term as an option for a violation of community control and notified the defendant of this decision.* R.C. 2929.19(B)(5). The trial court's judgment entry of sentence notified appellant that a "[v]iolation of the sentence may lead to a longer or more restrictive sanction for Defendant, up to and including a prison term of _____ years." Thus, appellant had no notice of a specific prison term that could be imposed as a penalty for a community control violation.

This case is distinguishable from this court's recent decision in *State v. Stokes* (June 17, 1999), Union App.No. 14–98–53, unreported, 1999 WL 446087. Like the instant case, the defendant in *Stokes* challenged the trial court's imposition of a prison term following a community control violation on the basis that he was not given proper notice of such a possibility at sentencing. However, the trial court in *Stokes* did announce at the defendant's sentencing that it was suspending an eighteen-month sentence when it placed the defendant on community control. Thus, we found substantial compliance with R.C. 2929.19(B)(5), stating that "the trial court's admonition at the sentencing hearing clearly put defendant on notice that if he violated his community control sanction that he could be sentenced to eighteen months in prison." The appellant herein received no such notice.

We can only conclude, both from reading the transcript and the judgment entry of sentencing, that the trial court did not intend to reserve the right to impose prison time for violations of community control by appellant, because it did not "indicate the specific prison term[s] that may be imposed as a sanction for the violation" at sentencing. R.C. 2929.19(B)(5). It follows then, that pursuant to R.C. 2929.15(B), the court having failed to give appellant notice of the specific prison term reserved at the original sentencing hearing, it could not thereafter impose any prison term for a violation of community control. Consequently, the judgment is reversed in this respect, and appellant's assignment of error is sustained.

Assignment of Error No. 2.

"The trial court erred when it failed to properly follow the sentencing guidelines."

Appellant complains that the trial court failed to make the appropriate findings under the sentencing guidelines when imposing a prison term for a violation of community control. Because we have determined that the option of a prison term was not reserved as a sanction for violating community control at appellant's sentencing, and that the trial court exceeded its authority when it imposed a prison term on appellant for such a violation without notice to appellant, further consideration of this assignment of error is unnecessary because it is moot.

Assignment of Error No. 5.

"The defendant did not receive a bipartite community control violation hearing."

Appellant argues that, inasmuch as a hearing on a violation of community control is similar to a probation revocation hearing, certain minimum due process requirements must be met, including a preliminary probable cause hearing followed by a final revocation hearing. Appellant complains that the court failed to hold two separate community control violation hearings in accord with the decision in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

Assuming *Gagnon* is applicable to community control violation hearings, this court has held that the judgment of a trial court revoking probation will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced by the failure to hold a preliminary hearing. *State v. Miller* (1975), 45 Ohio App.2d 301, 306, 74 O.O.2d 476, 479–480, 345 N.E.2d 82, 85–86.

In this case, appellant admitted his violation to the court just after commencement of the hearing. Prior to the court announcing its sentence for the violation,

appellant was given the opportunity to offer evidence in mitigation of punishment. We therefore cannot find that appellant was prejudiced or that his due process rights were violated when the trial court held a single hearing on the community control violation. Appellant's fifth assignment of error is overruled.

Assignment of Error No. 6.

"The trial court erred when it sentenced the defendant to consecutive sentences for crimes of similar import."

Appellant argues that the crimes of forgery and theft of which he was convicted in this case are allied offenses of similar import. Therefore, he maintains that he could not have been sentenced for both offenses. Having been sentenced for both offenses, appellant claims he was prejudiced.

It is not clear to which judgment entry of sentence appellant attributes this error. If appellant's complaint goes to the trial court's attempt, following a finding of a community control violation hearing on October 22, 1998, to impose three consecutive twelve-month prison terms on appellant, we find the assignment of error to be moot. As we have stated, the imposition of prison for appellant's community control violation was unlawful.

If appellant is complaining about his original February 17, 1997 judgment of sentence, we find that appellant's time for appeal of this judgment entry has expired.

■ We also note that a cursory review of the offenses at issue in this case reveals that the crimes of theft and forgery each contain elements not possessed by the other. *State v. Wilson* (1996), 113 Ohio App.3d 737, 746, 682 N.E.2d 5, 11–12; *State v. Hunter* (1983), 12 Ohio App.3d 75, 78, 12 OBR 273, 276–277, 466 N.E.2d 183, 187–188.

■ Furthermore, any error that occurred in this regard is harmless because appellant's original sentence involved three eleven-month terms of community control running concurrently. Hence, we find appellant's sixth assignment of error is without merit.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse and remand the October 22, 1998 judgment of sentence of the trial court in case No. 14–98–54. Furthermore, this cause is remanded to the trial court with instructions to order the immediate discharge of the appellant from custody and to resentence appellant. In case No. 14–98–59 the trial court's judgment is vacated.

*Judgment accordingly.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.