DECISION.
Defendant-appellant Raymond Akins, Jr., has filed three separate appeals relating to the imposition of sentences for involuntary manslaughter and theft under the trial number B-9901883, for two counts of receiving stolen property under the trial number B-9803511, and for possessing criminal tools under the trial number B-9803828. In each of the three appeals, Akins challenges the imposition of maximum, consecutive prison terms. In the appeal numbered C- 000168, Akins alleges that the trial court erred in ordering maximum, consecutive sentences for the involuntary manslaughter and theft. In the appeal numbered C-000169, Akins contends that the trial court erred in ordering a maximum, consecutive sentence for possessing criminal tools. And, in the appeal numbered C-000170, Akins maintains that the trial court erred in ordering maximum, consecutive sentences for receiving stolen property. For purposes of judicial economy, we address these appeals in a consolidated fashion.
 I. Procedural Background
In May 1998, Akins was indicted under the number B-9803511 for receiving stolen property worth $5000 but not more than $100,000 in count one, forgery in count two, and receiving stolen property worth $500 but not more than $5000 in count three. Akins pleaded guilty to receiving stolen property in count one, a fourth-degree felony, and to receiving stolen property in count three, a fifth-degree felony, and count two was dismissed. Akins was sentenced to three years' community control on each count, to be served concurrently. Akins was advised by entry that the "maximum sentence possible for that degree of felony" could be imposed if he violated the conditions of community control.
In June 1998, Akins was indicted under the number B-9803828 for possessing criminal tools where the circumstances indicated that the tools were intended for the commission of a felony. Akins pleaded guilty to possession of criminal tools, a fifth-degree felony, and was sentenced to three years' community control. Akins was advised by entry that the "maximum sentence" for that felony could be imposed if he violated the terms and conditions of community control. In September 1998, Akins absconded from supervision, and a warrant for his arrest was issued in the cases numbered B-9803511 and B-9803828.
In March 1999, Akins was indicted, under the number B-9901883, for two counts of murder, one count of aggravated robbery, and one count of theft, all of which related to a homicide that had occurred in Hamilton County in October 1998. In August 1999, Akins was charged with two community-control violations in the cases numbered B-9803511 and B-9803828.
In January 2000, a hearing was conducted on the community-control violations and on the murder and theft charges. At the hearing, Akins pleaded guilty to a reduced charge of involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony, and to theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony, and the remaining charges in the case numbered B-9901883 were dismissed. Akins also pleaded guilty to the community-control violations. After Akins was advised of his rights, and after the facts summarizing Akins's involvement in the October 1999 homicide were read into the record, Akins was found guilty of involuntary manslaughter, theft, and the community- control violations.
In February 2000, a sentencing hearing was conducted. At the hearing, the trial court imposed sentences for involuntary manslaughter and theft, as well as sentences for the offenses underlying his community-control violations. The trial court imposed the maximum sentences for each offense and ordered that the sentences be served consecutively.
 II. Analysis
Initially, we note that Akins is entitled, pursuant to R.C. 2953.08(A)(1) and (4), to appeal as of right the maximum sentences imposed for all of the offenses, and that he is entitled, pursuant to R.C. 2953.08(A)(4), to appeal as of right the imposition of consecutive sentences on all of the offenses.[1] Thus, our review turns on the issue of the propriety of maximum, consecutive sentences in this case.
The felony sentencing statute disfavors imposing maximum sentences except for the most deserving offenders.[2] R.C. 2929.14(C) allows for a maximum term to be imposed on the following offenders: (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism, (3) certain major drug offenders, and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make one of the requisite R.C. 2929.14(C) findings, and it must give reasons supporting its finding before imposing the maximum term.[3]
The court may order sentences to run consecutively in certain statutorily specified instances.[4] When imposing consecutive sentences in the three cases from which Akins has appealed, the court must have found that consecutive sentences were necessary to protect the public from future crime or to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the conduct and to the danger that Akins posed to the public.[5] Additionally, the court must have found that at least one of the following factors existed: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control; (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct, (3) the offender's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by the offender.[6] When imposing consecutive sentences, the trial court must make the appropriate statutory findings, and it must provide its reasons for imposing consecutive sentences.[7]
 Involuntary Manslaughter and Theft Convictions
In the case numbered B-9901883, Akins was convicted of involuntary manslaughter as a proximate result of committing or attempting to commit a felony, a first-degree felony, and theft of a motor vehicle, a fourth-degree felony. Pursuant to R.C. 2929.14(A)(1) and 2929.14(A)(4) respectively, the prison term for a first-degree felony is three to ten years, and the prison term for a fourth-degree felony is six to eighteen months. The trial court imposed a ten-year prison term for the involuntary manslaughter and an eighteen-month prison term for the theft, to be served consecutively.
Having reviewed the record, including the sentencing worksheet, the transcript of the sentencing hearing, and the presentence-investigation report, we conclude that there is nothing to indicate that the trial court made the necessary finding for imposing the maximum sentence under R.C. 2929.14(C). While the trial court did make statements on the record and in its sentencing entry that implied that Akins was likely to reoffend, it is not for this court to make assumptions regarding Akins's categorization under R.C. 2929.14(C). Absent an appropriate finding, therefore, the court also failed to provide the necessary reasons for the sentence under R.C. 2929.19(B)(2)(e).[8]
Furthermore, we conclude that while the trial court did make the appropriate findings for imposing consecutive sentences, it failed to provide its reasons for imposing the consecutive terms, as required under R.C. 2929.19(B)(2)(c). While it can be gleaned from the record that reasons may exist for imposing consecutive terms, without a statement of those reasons from the trial court, we cannot say that the trial court fulfilled its statutory duty pursuant to R.C. 2929.19(B)(2)(c). As a result, we hold that the trial court erred in imposing maximum, consecutive sentences for involuntary manslaughter and theft, and we reverse those sentences and remand the case numbered B-9901883 for resentencing.
 B. Community-Control Violations
Upon a violation of community control, R.C. 2929.15 sets forth the allowable penalties to be imposed on the offender. Pursuant to R.C.2929.15(B), where an offender violates the conditions of community control, the trial court may do the following: (1) lengthen the term of the community-control sanction not to exceed the five-year limit; (2) impose a more restrictive community-control sanction; or (3) impose a prison term on the offender pursuant to R.C. 2929.14. If a prison term is imposed, it must be within the range of prison terms available under R.C. 2929.14, and it shall not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing pursuant to R.C. 2929.19(B)(5).[9] Where the trial court imposes a prison term, the best approach is for the court to sentence the offender anew.[10] Thus, the trial court must not only comply with the relevant sentencing statutes when imposing the maximum term of incarceration, but it may not exceed the specific prison term specified in the original notice provided to the offender.[11]
Here, the trial court chose to impose a prison term for the community-control violations. Specifically, the trial court imposed the following terms: (1) twelve months for the underlying conviction of possessing criminal tools, a fifth-degree felony; (2) eighteen months for the underlying conviction of receiving stolen property worth $5000 but not more than $100,000, a fourth-degree felony; and (3) twelve months for the underlying conviction of receiving stolen property worth $500 but not more than $5000, a fifth-degree felony. The sentences were ordered to run consecutively. The range of prison terms allowed by R.C. 2929.14(A)(4) for a fourth-degree felony is six to eighteen months, and the range of prison terms permitted under R.C. 2929.14(A)(5) for a fifth-degree felony is six to twelve months.
Preliminarily, we note that we are unable to consider whether Akins was properly notified of the specific prison term that would be imposed for such violations. The original transcripts relating to the plea hearing and the sentencing hearing are not in the record. The record only demonstrates that the trial court notified Akins in the two judgment entries sentencing him to community control that a violation of community control would involve the "maximum sentence" possible. Although Akins became aware of the spectrum of penalties he faced, including the maximum sentence, for each felony conviction when he had signed an entry withdrawing his not-guilty pleas and entering guilty pleas for possessing criminal tools and receiving stolen property, we believe that the proper practice when imposing community control is to specifically notify the offender at the sentencing hearing or the plea hearing of the possible penalty that may be imposed if he violates the conditions of community control.[12] But, without a copy of the original transcripts, we must presume regularity in the trial court's proceedings.[13] Given that, for the purposes of this appeal, we presume that the trial court gave Akins notice of the specific sentence that would be imposed if he violated the terms of community control. Accordingly, we now address the sentences imposed for the underlying offenses of possessing criminal tools and receiving stolen property.
The trial court stated the following when sentencing Akins for the underlying offense of possessing criminal tools in the case numbered B-9803828:
 On B-9803828, same findings, offender under community control, not amenable to community control and prison is consistent with sentencing purposes. Prison term for the minimum would demean the seriousness of the offenses which there are three offenses, including the PV's.
 Offender was under community control. Offender's criminal history requires consecutive sentences. Consecutive sentences are necessary to fulfill Revised Code 2929.11. Impose a 12-month sentence consecutive to B-9901883 and B-9803511.
 After reviewing the record relating to the imposition of the prison term, we conclude that the trial court utterly failed to make findings or give its reasons for imposing the maximum prison term.[14] And while the trial court did provide the statutory findings for imposing consecutive terms, it failed to state its reasons supporting those findings outside of a mere recitation of the findings outlined in the statute.[15]
Although we note that the trial court indicated that it made the same findings as it had in the case numbered B-9901883, having already held that the court failed to provide sufficient findings and reasons for imposing maximum, consecutive terms in that case, we cannot now hold that they were sufficient for the case numbered B-9803828. Without the proper statutory findings and reasons supporting the findings, we must reverse the sentences and remand the case numbered B-9803828 for resentencing.
In the case numbered B-9803511, the trial court stated the following when sentencing Akins for two counts of receiving stolen property:
 Under B-9803511, prior prison term served. Offender under community control. Offender not amenable to community control, prison is consistent with sentence. For sentencing purposes, because of two PV's, plus this charge, the principal charge under the involuntary manslaughter charge, a prison term for the minimum would demean the seriousness of the offense and not adequately protect the public. Possesses great likelihood of recidivism because he has a prior record and he was on probation at the time, for lesser offenses but still offender was under community control when the offense was committed. Offender's criminal history requires consecutive sentences and the consecutive sentences are necessary to fulfill 2929.11.
Here, the trial court did make one of the R.C. 2929.14(C) findings supporting the imposition of the maximum term. The trial court found that the maximum term was appropriate for both counts of receiving stolen property because Akins posed the greatest likelihood of recidivism. The trial court also provided reasons in support of its finding. In addition to the reasons identified above, the trial court indicated on the sentencing worksheet that, when imposing the maximum terms, it considered the fact that Akins was "on probation when committ[ing] involuntary manslaughter." While the trial court did provide reasons supporting its findings, they were not sufficient to justify the imposition of the maximum prison terms for the underlying offenses of receiving stolen property. If anything, the reasons given by the trial court tended to support the imposition of a maximum term for involuntary manslaughter, a consideration not before the trial court when sentencing Akins in the case numbered B-9803511. Given that, we hold that trial court failed to provide sufficient reasons supporting the imposition of the maximum terms for the convictions in the case numbered B- 9803511. Moreover, we hold that, while the trial court made the appropriate findings for imposing consecutive terms on the record and the sentencing worksheet, it failed to provide its reasons for these findings as required under R.C.2929.19(B)(2)(c).[16] Without the required reasons supporting the imposition of maximum, consecutive terms, we must reverse the sentences and remand the case numbered B-9803551 for resentencing.
 III. Conclusion
In sum, we sustain the assignments of errors raised in the appeals numbered C-000168, C-000169, and C-000170 only to the extent that they challenge the imposition of maximum, consecutive prison terms for involuntary manslaughter, theft, possessing criminal tools, and two counts of receiving stolen property. These sentences are reversed, and the trial court is instructed on remand to resentence Akins on all of the offenses, making the proper statutory findings and providing supporting reasons that camount to more than a mere recitation of the statutory sentencing factors.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See State v. Beasley (1999), 134 Ohio App.3d 694, 695-696,731 N.E.2d 1223, 1224.
[2] See State v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131,135.
[3] See R.C. 2929.19(B)(2)(d) and (e); State v. Edmonson, supra, at 328-329, 715 N.E.2d at 135.
[4] See R.C. 2929.14(E).
[5] R.C. 2929.14(E)(4).
[6] R.C. 2929.14(E)(4)(a) through (c).
[7] See R.C. 2929.19(B)(2)(c). Accord State v. Edmonson, supra.
[8] See State v. Edmonson, supra, at 328-329, 715 N.E.2d at 135.
[9] See. R.C. 2929.15(B). We note that R.C. 2929.15(B) actually refers to R.C. 2929.19(B)(3), but we believe that the reference is a misprint and that the correct reference is to R.C. 2929.19(B)(5).
[10] See State v. Brown (2000), 136 Ohio App.3d 816, 823,737 N.E.2d 1057, 1062.
[11] See R.C. 2929.15(B). See, also, State v. Brown, supra, at 821, 737 N.E.2d at 1060; State v. Marvin (1999), 134 Ohio App.3d 63,67, 730 N.E.2d 401, 404.
[12] See R.C. 2929.19(B)(5); State v. Marvin, supra, at 68-69,730 N.E.2d at 404-405.
[13] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384.
[14] See R.C. 2929.14(C) and 2929.19(B)(2)(d). See, also, State v.Edmonson, supra.
[15] See R.C. 2929.19(B)(2)(c); State v. Edmonson, supra.
[16] See State v. Edmonson, supra.