JOURNAL ENTRY AND OPINION
Appellant, Kelly Brown, is appealing his conviction for assault on a police officer. Appellant contends that his sentence was in error. For the following reasons, we affirm.
Officer Kraynik testified that he was patrolling with Officer Rusnak. They received a radio call that a family fight was taking place at appellant's home. The officers saw appellant at the front door of appellant's home. Appellant said there had been a fight, but it was only verbal. Kraynik told appellant that he needed to speak with appellant's wife. Appellant opened the front door, and stood between the front door and the screen door, calling for his wife. Officer Kraynik held open the screen door for appellant.
Kraynik further testified that appellant became angry that the officer was touching the door, and punched Kraynik in the chest. Kraynik tried to arrest appellant but appellant fought him. Appellant was hitting and trying to kick Kraynik. The fight moved into the living room. Appellant was pinned up against a 40-gallon fish tank. The fish tank was knocked over in the struggle. Officer Rusnak finally subdued appellant with pepper spray. Kraynik sustained a pinched nerve in his neck and a deep gash to his elbow.
Officer Rusnak's testimony corroborated Officer Kraynik's testimony concerning the fight. Rusnak also testified that after he spoke with appellant's wife and children, he arrested appellant for domestic violence and endangering children, as well as assault on a police officer. The domestic violence and endangering children charges were later dropped. On cross-examination, Rusnak stated that the wife said appellant was disciplining their son by punching and kicking him. The wife said she tried to stop appellant, but he pushed her down the stairs.
Appellant's mother testified that she told her granddaughter, Donnaye, to call the police. Appellant and his wife were fighting and she was afraid of what appellant might do. Appellant had been diagnosed as schizophrenic. Appellant's wife never said that appellant hit her or hit her son. Appellant was struggling with the police because the police were pushing appellant toward the fish tank, and appellant did not want to knock it over.
Appellant's daughter, Donnaye, testified that appellant was inside when the police arrived. She saw appellant answer the door. Appellant never hit the police.
Appellant testified that he never hit the police. The police pushed him through the door.
Appellant's wife, Janice Brown, testified that appellant did not hit her or push her down the steps. She told the police she fell down the steps.
Appellant was sentenced to five days in jail and one year of community control sanctions. The court stated that if community control sanctions were violated, the court would impose a prison term of eight months. The possible prison term was two months longer than the minimum because, There was some violence going on in the house with your family, but also violence against our police forces.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN ORDERING THAT IF MR. BROWN, WHO HAD NOT PREVIOUSLY SERVED A PRISON TERM, VIOLATED COMMUNITY CONTROL SANCTIONS AND THE TRIAL COURT ORDERED PRISON, THE PRISON TERM THAT THE COURT WOULD IMPOSE WOULD BE TWO MONTHS MORE THAN THE STATUTORY MINIMUM FOR A FELONY OF THE FOURTH DEGREE.
R.C. 2929.19(B)(5) requires that the sentencing court must:
 [N]otify the offender that, if the conditions of the [community control] sanctions are violated, the court may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.
The purpose of R.C. 2929.19(B)(5) is to inform the defendant of the possible consequences if he violates community control sanctions. If the offender violates community control sanctions, he cannot be sentenced to a greater prison term than the court indicated at the original sentencing. R.C. 2929.15(B).
The trial court notified appellant that the possible sentence for violation of community control sanctions would be two months greater than the minimum sentence. Appellant asserts the court was required to make the findings required by R.C. 2929.14(B) in order to find that the possible sentence for community control violations could be greater than the minimum sentence. R.C. 2929.14(B) states that it only applies when a court actually imposes a prison term. See State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25, unreported.
Additionally, when the defendant violates community control sanctions, a second sentencing hearing is conducted. The sentence imposed in this second sentencing hearing must comply with R.C. 2929.14. See State v. Marvin (1999), 134 Ohio App.3d 63; State v. Brown(2000),136 Ohio App.3d 816; State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, unreported; State v. Virasayachack (Aug. 10, 2000), Cuyahoga App. No. 76782, unreported. Appellant's rights to a prison sentence in compliance with R.C. 2929.14 are fully protected, because appellant can appeal the sentencing order imposing the prison term.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19(B)(3)(d), (B)(3)(e) AND R.C. 2929.19(B)(5), WHICH REQUIRE THAT WHEN A TRIAL COURT SENTENCES FOR A FELONY OF THE FOURTH DEGREE THAT OCCURRED ON OR AFTER JULY 1, 1996, AND ORDERS COMMUNITY CONTROL SANCTIONS, THE TRIAL COURT SHALL NOTIFY THE OFFENDER THAT IF HE VIOLATES THE SANCTIONS AND THE COURT IMPOSES PRISON, THE OFFENDER MAY BE SUBJECT TO POST-RELEASE CONTROL.
Appellant asserts that the court, when imposing community control sanctions, must inform the defendant that if he receives a prison term for violating community control sanctions, he may also be subject to a period of post-release control. R.C. 2929.19(B)(3)(d) states:
 If the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall . . . notify the offender that a period of post-release control pursuant to R.C. 2967.68 may be imposed following the offender's release from prison.
R.C. 2929.19(B)(3)(d) only requires that the court notify a defendant of post-release control when the court actually imposes a prison sentence.
The court is required to inform a defendant who is pleading guilty that if he is sentenced to prison, he will be subject to post-release control. Woods v. Telb (2000), 89 Ohio St.3d 504. Appellant argues that therefore, the court must inform a person placed on community control that the possible prison term may include post-release control. Unlike Crim.R. 11(C), R.C. 2929.19(B)(5) does not require the court to inform the defendant of all the possible consequences of violating community control. R.C. 2929.19(B)(5) only requires that the court inform the defendant that if community control sanctions are violated, the court may impose a longer time under the sanctions, impose more restrictive sanctions, or impose a prison term; and must state the prison term that may be imposed. The statutes do not require the court to inform the defendant of possible post-release control when sentencing a defendant to community control.
Accordingly, this assignment of error is overrule.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ ANN DYKE, J.:
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.