DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas. For the reasons that follow, we find the issue raised on appeal is not ripe for review and hereby dismiss this appeal.
The following facts are relevant to this appeal. Appellant, Kenneth E. Ogle, Jr., was indicted on two counts of forgery on May 18, 2000. On September 25, 2000, appellant revoked his former not guilty plea and entered a guilty plea to both counts of forgery. On December 4, 2000, appellant was sentenced to three years of community control sanctions. At the sentencing, the trial judge advised appellant that should he violate any conditions of community control and the community control was revoked, that the trial court would impose a period of incarceration of eight months on each count of forgery, to be served concurrently.
On June 15, 2001, the trial court held a hearing regarding two petitions filed by the state for revocation of appellant's community control sanctions. The trial court continued appellant on community control sanctions with additional conditions. The trial court advised appellant that should he violate any conditions of community control and the community control was revoked, that the trial court would impose a period of incarceration of eight months on each count, to be served consecutively to each other. Appellant filed a timely notice of appeal and assigns the following as error:
"ASSIGNMENT OF ERROR PRESENTED FOR REVIEW
 "A. The trial court erred by increasing Appellant's sentence upon a finding that Appellant violated community control sanctions.
 "B. The increased prison sentence imposed by the trial court is contrary to Ohio law."
A community control sanction is defined as a sanction that is not a prison term and that is described in sections 2929.15, 2929.16, 2929.17 or2929.18 of the Revised Code. R.C. 2929.01. Community control sanctions essentially replace the concept of "probation" in Ohio's criminal justice system. See generally Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 394-396, §§ T5.1 — T5.4. Although similar in their operational effect, community control sanctions differ a great deal from probation in many ways including the manner by which violations of those controls are handled. Judge Griffin and Professor Katz explain this difference in their treatise as follows:
 "Prior to 1995 Senate Bill 2, it was quite appropriate for a judge to treat probation as a contract for leniency. The judge imposed but suspended a prison sentence-the presumed proper punishment for the crime of conviction. Probation was conditioned on good behavior. Violation of that probation was a breach of contract with the sentencing judge. For the breach, the judge could properly impose the suspended prison sentence-even for the most trivial violation of probation.
 "Under Senate Bill 2, a sentence to a community control sanction is not a contract for good behavior that automatically is punishable by prison if it is violated. The community control sanction that is imposed is the appropriate sentence for the crime of conviction. That sanction was the one that should have adequately punished the offender for his misconduct and should have adequately protected the public from future crime by the offender. The sentence should have been reasonably calculated to achieve those overriding purposes. * * *" Id. at 581, § T5.36 (Footnotes deleted.)
R.C. 2929.19(B)(5) provides that a criminal defendant may be sentenced to community control sanctions if the trial court believes it is appropriate and if imposition of this sanction is not prohibited by law. R.C. 2929.19(B)(5) also requires that the following notice be given:
 "The court shall notify the offender that, if the conditions of the sanction are violated * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offenses pursuant to section 2929.14 of the Revised Code."
Additionally, R.C. 2929.15(B) provides that:
 "The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *."
Thus, under these statutes, a violator may only be imprisoned for violating community control sanctions if (1) he was previously given notice of the specific prison term that would be imposed for such violation at the original sentencing hearing, and (2) the term of imprisonment given for violating the community control sanction does not exceed the term for which he was given notice at that prior hearing. See, also, State v. Marvin (1999), 134 Ohio App.3d 63, 68; State v.Carter (1999), 136 Ohio App.3d 367, 369; and State v. McPherson (2001),142 Ohio App.3d 274, 278, discretionary appeal not allowed, (2001),93 Ohio St.3d 1416, (If a trial court opts to impose a prison sentence, that sentence shall not exceed the term specified in the notice given to the offender at the sentencing hearing.)
Appellant asserts that the trial judge erred in informing him at a hearing on a petition to revoke his community control that he would be sentenced to two consecutive eight month terms of imprisonment if he violated any of his community control sanctions when, at his original sentencing, he was informed that he would be sentenced to two concurrent eight month terms of imprisonment if he violated any of his community control sanctions. The state raises the issue of whether appellant can properly assert error at this point in time in regard to the trial court's pronouncement of his potential period of incarceration if he violates his community control sanctions.
Other appellate districts have found not ripe for appeal assignments of error challenging potential periods of incarceration for violation of community control sanctions. These appellate courts have found that the appeal is not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions. In State v. Greer
(Dec. 1, 1999), Union App. No. 14-99-26, unreported, the defendant asserted that the trial court erred when it advised her that she would be sent to prison for eighteen months if she violated community control when the maximum sentence the trial court could impose for her offense would be twelve months. Citing State ex rel. Elyria Foundry Co. v. Indus.Comm. (1998), 82 Ohio St.3d 88, 89, the Third Appellate District found the assignment of error not ripe for review. In Elyria Foundry, the Ohio Supreme Court stated the following in regard to the principle of ripeness:
 "`The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff.' (Citation omitted.)" Id.
In State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010, unreported, the state argued that the defendant should have appealed an alleged error in regard to the notice of sentence for violation of community control at the time of the entry sentencing him to community control. In rejecting this argument, the Fifth Appellate District stated:
 "When an individual such as appellant is placed on community control, the sentencing is merely postponed until it is determined whether or not the individual has violated the terms and conditions of his or her community control. Appellant, therefore, could not have appealed his sentence from the court's [entry sentencing him to community control.]"
In State v. Brown (Mar. 22, 2001), Cuyahoga App. No. 77875, unreported, in response to a defendant's argument that the trial court erred in determining the length of the prison term to which he could be sentenced if he violated his community control, the Eighth Appellate District stated:
 "Additionally, when the defendant violates community control sanctions, a second sentencing hearing is conducted. The sentence imposed in this second sentencing hearing must comply with R.C. 2929.14. (Citations omitted.) Appellant's rights to a prison sentence in compliance with R.C. 2929.14 are fully protected, because appellant can appeal the sentencing order imposing the prison term."[1]
See, also, State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24, unreported (Appropriate time to raise the issue of the validity of a term of imprisonment for violating conditions of community control is the point at which the trial court actually issued the prison sentence.).[2]
These above cases are consistent with the well-established principle that a claim is not ripe for appellate review unless the trial court has arrived at a definitive position on the issue. Bentleyville v. Pisani
(1995), 100 Ohio App.3d 515, 518-519. The duty of a reviewing court is to decide actual controversies and render judgments that are capable of enforcement. Knutty v. Wallace (1995), 100 Ohio App.3d 555, 558-559. This court is not required to address issues that are not ripe for review or those that would be purely academic in nature. Pisani, supra,100 Ohio App.3d at 518-519; James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788, 791. In Fortner v. Thomas (1970), 22 Ohio St.2d 13,14, the Court also stated:
 "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies. * * *"
To address an issue prematurely would have the effect of rendering an advisory opinion on potential issues. State v. Bistricky (1990),66 Ohio App.3d 395, 397.
If a defendant violates community control sanctions, a second sentencing hearing would be conducted. See, State v. Marvin (1999),134 Ohio App.3d 63, 67-69; State v. Brown (2000), 136 Ohio App.3d 816,821. See, also, R.C. 2929.15. If, and when, appellant is sentenced to a term of incarceration for violation of community control sanctions, he could appeal that sentencing order.
This court concludes that the issue raised by appellant is not yet ripe for review, as appellant has not yet been found to have violated his community control sanctions.
Accordingly, we hereby dismiss appellant's appeal as not being ripe for appellate review. It is ordered that appellant pay court costs for this appeal.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J. CONCURS.
James R. Sherck, J., dissents and writes separately.
[1] In State v. Virasayachack (2000), 138 Ohio App.3d 570, 573, the Eighth Appellate District found that it lacked jurisdiction to address an assignment of error in which the defendant argued that the trial court erred by failing to indicate a specific prison term that could be imposed for the violation of community control sanctions at his original sentencing. The court noted that the defendant did not timely appeal his original conviction and sentence, which was imposed more than one year before he filed his notice of appeal from his actual sentencing for failure to comply with community control sanctions. The defendant also did not seek leave to file a delayed appeal.
However, the court found merit in the defendant's second assignment of error in which he asserted that the trial court erred by imposing a prison term on him when the court did not inform him at the original sentencing hearing of the specific prison term which could be imposed if he violated his community control sanctions.
Thus, Virasayachack is consistent with Brown in that the court in both cases addressed the actual sentence imposed for violation of community control sanctions after it had been imposed.
[2] See, also, R.C. 2929.15(B) which permits a judge to reduce the time of imprisonment for violating a community control sanction by the time satisfactorily served under the sanction.