R.C. 2929.19(B)(5) mandates that a sentencing court, imposing a community control sanction, "* * * shall notify the offender that if the conditions of the sanction are violated the court may impose a longer time under the same sanction * * * or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed
as a sanction for the violation * * *." (Emphasis added.) In my view, this statute gives rise to a duty by the court to inform an individual of his potential term of incarceration and the concomitant right of an individual to know the degree of his jeopardy should he fail to abide by the terms of his community control. See, State v. Marvin (1999),134 Ohio App.3d 63, 67.
Moreover, there seems to be little dispute that a sentencing court may not subsequently change a sentence at will. In re Zilba (1996),110 Ohio App.3d 258, 262; Brook Park v. Necak (1986), 30 Ohio App.3d 118,120.
I would find the sentencing court improperly modified its prior sentencing order, thereby, violating appellant's statutory right to be informed of the term of incarceration which might be imposed upon him.