OPINION
This is a state appeal from the judgment of the Hancock County Common Pleas Court, which issued an order titled Nunc Pro Tunc which reduced Defendant-Appellant, Matthew Rowland's, prison sentence from twenty-nine months to seventeen months subsequent to Rowland filing a notice appealing the twenty-nine month sentence.
On February 21, 2001, while on post-release control, Rowland was indicted for Burglary under R.C. 2911.12(A)(2), a felony of the second degree and Receiving Stolen Property under R.C. 2913.51, a felony of the fourth degree. On May 16, 2001, the State dismissed the Burglary charge in exchange for a guilty plea from Rowland on the Receiving Stolen Property charge. On June 13, 2001, the trial court sentenced Rowland to seventeen months in prison for receiving stolen property and an additional twelve months under R.C. 2967.28(F)(4) for committing a felony while on post-release control.
On July 13, 2001, Rowland appealed the June 13, 2001 sentence. On September 17, 2001, the trial court on its own motion issued an entry titled "Nunc Pro Tunc" which stated,
 This day this cause is before the Court on the issue of the defendant's sentencing heretofore pronounced on June 7, 2001, with a judgment entry of sentencing being filed herein on June 13, 2001.
 At that time the Court ordered that the defendant serve an additional twelve (12) month sentence for violating the conditions of his post-release control in case number 99-CR-97. This sentence was imposed pursuant to Ohio Revised Code § 2967.28(F)(4).
 The court now, being further advised in the premises, finds that this defendant was released from post-release control by the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority as of May 22, 2001.
 It is accordingly ORDERED, ADJUDGED AND DECREED that the sentence of this court shall be that the defendant serve a determinate sentence of seventeen (17) months with the Ohio Department of Rehabilitation and Correction in this particular case for a violation of Ohio Revised Code § 2913.51(A), Receiving Stolen Property, a felony of the fourth degree.
The state now appeals the September17, 2001, judgment entry asserting a single assignment of error:
 The trial court erred by sua sponte modifying Appellee's sentence without jurisdiction.
Once a notice of appeal has been filed, a trial court's jurisdiction is limited to taking action which is not inconsistent with the reviewing court's jurisdiction. State v. Marvin (1999), 134 Ohio App.3d 63, 66, quoting Howard v. Catholic Social Services of Cuyahoga County, Inc
(1994), 70 Ohio St.3d 141, 146. Accordingly, once a defendant appeals a sentence in a criminal case, any action by the trial court regarding sentencing would be inconsistent with an appellate court's jurisdiction to reverse, modify or affirm the judgment and would therefore be void.Marvin, supra.
Notwithstanding this general rule, Crim.R. 36(A) permits a trial court to correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission at any time. The tool utilized to correct such errors is generally a nunc pro tunc entry. State v. Brown (2000), 136 Ohio App.3d 816, 819. The term "clerical mistake" refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Id. at 819-820. Furthermore, "while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Id. citing State ex.rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163-164.
In this case, the trial court issued a Nunc Pro Tunc entry on September 17, 2001, reducing Rowland's sentence. However, that entry did more than correct a clerical mistake, it made a legal decision. As such, we hold that the September 17, 2001, Judgment Entry exceeds that which a nunc pro tunc order is authorized to "correct." Furthermore, as Rowland filed his appeal on July 13, 2001, the trial court no longer had jurisdiction to reduce Rowland's sentence. Accordingly, the State's assignment of error is well taken and the September 17, 2001, Nunc Pro Tunc Judgment Entry must therefore be disregarded. Consequently, the original Judgment Entry entered on June 13, 2001 remains in effect.
Based on the foregoing, the September 17, 2001 judgment of the trial court is vacated.
Judgment vacated and cause remanded.
BRYANT and HADLEY, JJ., concur.