JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Andrew Martin ("appellant") appeals from the Cuyahoga Common Pleas Court's judgment finding him in violation of community control sanctions and imposing a sentence of imprisonment. For the reasons that follow, we affirm in part and remand for resentencing.
 {¶ 2} On July 19, 1999, appellant was indicted by the Cuyahoga County Grand Jury for possession of drugs in violation of R.C. 2925.11. On October 10, 2001, appellant retracted his formerly entered plea of not guilty and entered a plea of guilty to possession of drugs, a fifth-degree felony. The trial court found him guilty as charged and referred him for a presentence investigation report. On November 20, 2001, at the sentencing hearing, the trial court sentenced him to one year community control sanctions; suspended his driver's license for one year with occupational privileges; ordered him to abide by the rules and regulations of the probation department; perform 100 hours of court community work service; remain drug free, subject to testing; and maintain verifiable employment. The trial court informed appellant that violation of the terms and conditions of his probation could result in a one-year term of imprisonment.
 {¶ 3} The trial court set a probation violation hearing for November 18, 2002, wherein the trial court found appellant in violation of community control sanctions. Appellant was then sentenced to 11 months imprisonment.
 {¶ 4} Appellant submits three assignments of error for our review, the first and second assignments of error are addressed together.
 {¶ 5} "I. There was insufficient evidence for the court to find appellant had violated the terms of his community control sanctions.
 {¶ 6} "II. The trial court erred in imposing an additional condition of community control sanctions at the hearing on the alleged violation of community control sanctions and did not afford appellant the required due process of law."
 {¶ 7} On November 18, 2002, appellant waived his right to a preliminary probation revocation hearing and the trial court proceeded with the probation violation hearing. At the hearing, the trial court read on the record the statement of Andrews, the appellant's employer, made in his complaint filed with the Shaker Heights Police Department, as follows:
 {¶ 8} "Andrew Martin was relieved of his duties and became abusive, threatened me with violence, threatened to shoot another employee, Clyde Ream, made numerous abusive and threatening phone calls yesterday, * * * last night and this morning. * * * Andrew Martin specifically stated that he was a brown belt judo expert and could put me down. He also stated that he had friends in the, quote, hood, end quote, who would be pleased to take care of me. He advised me that he had a handgun and could use it."
 {¶ 9} Andrews then testified that he employed appellant at his company, Western Reserve Remodeling, Ltd., and that the incident occurred as he stated in the complaint; that appellant was abusive towards him. Andrews stated that appellant became increasingly insolent and tardy on the job and that he finally told appellant that his employment was terminated which led to the events in the complaint. Andrews stated that he escorted appellant from the residential job site but that appellant returned twice to further make abusive threats towards him and a co-worker, Clyde Ream. Appellant then made abusive telephone calls to Andrews' wife.
 {¶ 10} Clyde Ream testified that he witnessed the appellant threatening and yelling at Andrews after Andrews terminated appellant's employment. Ream also testified that he received a telephone call from appellant wherein appellant stated "he told me he's got a left and right for me"; and that he would not fight Ream, he would just shoot him.
 {¶ 11} Appellant then testified that he did not threaten Andrews or Ream and that he peacefully left the premises after being terminated from his employment. Appellant stated that at the time of the hearing he was working for his son's mother renovating her home.
 {¶ 12} The trial court found appellant in violation of the terms of his probation and terminated the community control sanction. The trial court found that appellant made threats to Andrews and Reams and that he failed to maintain verifiable employment in violation of the terms of his probation and then sentenced appellant to 11 months imprisonment.
 {¶ 13} As to appellant's claim of insufficient evidence, we note that when reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749. Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61,197 N.E.2d 548; State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 14} Based upon the record, the trial court could have reasonably found, after hearing the testimony of the witnesses, that appellant failed to abide by the law by making the threats and thereby violated the terms and conditions of his probation.
 {¶ 15} Next, appellant argues that his due process rights were violated because the trial court did not provide him with a written statement as to the evidence relied upon and the reasons for revoking probation.
 {¶ 16} This court recently addressed a similar issue in City ofLakewood v. Sullivan, Cuyahoga App. No. 79382, 2002-Ohio-2134, in which we stated:
 {¶ 17} "In Gagnon v. Scarpelli (1973), 411 U.S. 778,36 L.Ed.2d 656, 93 S.Ct. 1756, the United States Supreme Court set forth the minimum due process requirements for probation revocation proceedings. First, a court must conduct a preliminary hearing to determine whether probable cause exists to believe that the probationer has violated the conditions of his or her probation. Gagnon, 411 U.S. at 784-786. `Once it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified.' Columbus v. Lacy (1988),46 Ohio App.3d 161, 162, 546 N.E.2d 445, citing 411 U.S. at 784-786.
 {¶ 18} "In Gagnon, 411 U.S. at 786, the Supreme Court, relying on its earlier decision of Morrissey v. Brewer (1972), 408 U.S. 471, 489,33 L.Ed.2d 484, 92 S.Ct. 2593, stated that this final revocation hearing must encompass the following six minimum due process requirements:
 {¶ 19} `(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a `neutral and detached' hearing body * * *; and, (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.'" City of Lakewood v. Sullivan, Cuyahoga App. No. 79382, 2002-Ohio-2134, ¶¶ 22-24.
 {¶ 20} In the instant case, the appellant's defense counsel stated that he had been presented with the written statement of Andrews, which described the threat appellant made to him. Further, the trial court orally notified defense counsel and the appellant, prior to the commencement of the hearing, of the specific violations, as follows:
 {¶ 21} "The Court: Threatening another with violence and becoming abusive, threatening to shoot another employee; namely, Clyde Ream, making numerous abusive and threatening phone calls to Mr. Andrews, allegedly, is what he states in his statement."
 {¶ 22} "Although the preferred course is for a trial court to give the probationer notice of the claimed probation violations in written form, oral statements which explain the basis of the revocation proceeding may be sufficient where the statements provide adequate notice to probationer and also a record for appellate review of the revocation proceeding." State v. Jordan (Nov. 12, 1998), Cuyahoga App. No. 73478. Here, appellant received both written and oral notice of the claimed violations of his probation. Thus, we do not find that appellant was deprived of his due process rights in this respect.
 {¶ 23} Further, we find that the trial court stated on the record the evidence relied upon for revoking appellant's probation as the threats made to Andrews and Reams and appellant's failure to maintain verifiable employment.
 {¶ 24} During the hearing the appellant informed the trial court that he was working for his son's mother, however, he did not verify this employment as was required. The trial court then found appellant to have violated the terms of his probation regarding employment. Appellant claims that he was not notified that this was an issue prior to the hearing and that he was denied his due process rights. While we agree that appellant was not notified orally or in writing that he had violated the terms of his probation in regard to maintaining verifiable employment, the trial court did not err when it terminated the community control sanctions based upon the threats made to the testifying witnesses. Thus appellant's probation was revoked on grounds for which he received sufficient notice of violation. Further, the events leading to the revocation hearing revolved around appellant's termination from his employment, therefore, it is reasonable that the trial court would inquire whether appellant was maintaining verifiable employment. Appellant was represented by defense counsel at the probation revocation hearing and waived his right to a preliminary hearing.
 {¶ 25} Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 26} "III. The trial court erred when it sentenced appellant to eleven months in prison after a violation of community control sanctions because it failed to properly consider and follow the statutory guidelines in its imposition of a prison term."
 {¶ 27} In this assignment of error, the appellant argues that the trial court erred when it imposed a term of imprisonment upon him for a period greater than the minimum sentence of six months. Pursuant to R.C.2929.15(B) the trial court is permitted to impose a term of imprisonment upon the violation of the terms of the community control sanction. R.C.2929.15(B) provides as follows:
 {¶ 28} "(B) If the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court may * * * impose a more restrictive sanction under section 2929.16,2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code."
 {¶ 29} R.C. 2929.14(A)(5) provides that the trial court may impose imprisonment for a fifth degree felony between the range of six and 12 months.
 {¶ 30} Here, the trial court informed the appellant at the sentencing hearing that in the event he violated the terms of his probation he faced one year in prison. Subsequently, after finding that appellant was in violation of the terms of his probation, the trial court imposed a sentence upon appellant of 11 months in prison.
 {¶ 31} R.C. 2929.14(B) provides:
 {¶ 32} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 33} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 34} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 35} When a defendant violates community control sanctions, a second sentencing hearing is conducted. The sentence imposed in this second sentencing hearing must comply with R.C. 2929.14. See State v.Marvin (1999), 134 Ohio App.3d 63, 730 N.E.2d 401; State v. Brown
(2000), 136 Ohio App.3d 816, 737 N.E.2d 1057; State v. Riley, (Nov. 12, 1998), Union App. No. 14-98-38. Appellant's rights to a prison sentence in compliance with R.C. 2929.14 are fully protected, because appellant can, and did, appeal the sentencing order imposing the prison term. After reviewing the record, we find that the trial court failed to consider the minimum sentence in this matter and otherwise failed to meet the requirements of R.C. 2929.14(B). Thus, we remand this matter for resentencing. Appellant's third assignment of error is well-taken.
 {¶ 36} Judgment is affirmed in part, reversed in part and remanded for resentencing.
COLLEEN CONWAY COONEY, J., AND DIANE KARPINSKI, J., CONCUR