The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown* (2000), 136 Ohio App.3d 816.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–99–12.

Decided March 20, 2000.

*Charles L. Bartholomew,* Prosecuting Attorney, for appellee.

*Mary F. Snyder,* for appellant.

THOMAS F. BRYANT, Judge.

On February 21, 1997, defendant–appellant, Tommy D. Brown, was indicted on one count of theft, a violation of R.C. 2913.02(A)(1), a felony of the fifth degree. On September 23, 1997, appellant plead guilty to the count as charged in the

Indictment. On January 16, 1998, appellant was sentenced to two (2) years of community control.

On September 30, 1998, a motion to show cause was filed by the state, alleging that appellant had violated certain terms of the community control sanctions. Appellant admitted to the alleged violations and on October 15, 1998, his community control was continued under more restrictive sanctions.

On July 30, 1999, apparently in response to statements made by Wyandot County's Community Sanctions Coordinator, a previously stayed jail sentence of thirty days was revoked and appellant was ordered into the custody of the Wyandot County Sheriff. Following an August 6, 1999, motion to reconsider, appellant was released from jail and was ordered to serve the remainder of the jail sentence on electronic home monitoring.

On November 3, 1999, another motion to show cause was filed by the state, alleging that appellant was again in violation of certain terms of the community control sanctions. Following a November 4, 1999, hearing wherein appellant admitted to the alleged violations, the trial court sentenced appellant to a prison term of nine months. A judgment entry reflecting the sentence was entered on November 5, 1999. On November 9, 1999, a *nunc pro tunc* judgment entry was entered.

It is from the nine month prison sentence imposed for violation of community control sanctions that appellant now appeals, prosecuting three assignments of error. In the interest of clarity and logic, the assignments of error will be addressed in an order other than that presented by appellant.

### Assignment of Error Number Three

"The sentencing court erred and acted contrary to law when it filed a Nunc Pro Tunc Judgment Entry for purposes other than correcting clerical mistakes as permitted by Rule 36 of the Ohio Criminal Rules of Procedure."

Crim.R. 36(A) permits a trial court, in its discretion, to correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. The tool utilized to correct such errors is generally a *nunc pro tunc* entry.

For more than seventy years, Ohio law has been clear that the function of a *nunc pro tunc* order, whether requested by a party or entered on the court's own initiative, is, essentially, clerical; it is to record officially an action or actions of a court actually taken but not duly recorded. *Helle v. Pub. Util. Comm.* (1928), 118 Ohio St. 434, 161 N.E. 282; *Webb v. Western Reserve Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289; *Reinbolt v. Reinbolt* (1925), 112 Ohio St. 526, 147 N.E. 808. The term "clerical mistake" refers to a mistake or

omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118, 26 OBR 327, 328–329, 498 N.E.2d 1079, 1081. Thus, the power to file an entry *nunc pro tunc* is restricted to placing on the record a judicial action that has already been taken but was omitted due to some mechanical mistake.

■ While courts possess authority to correct errors in judgment entries so that the record speaks the truth, *nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163–164, 656 N.E.2d 1288, 1294; *State v. Hawk* (1992), 81 Ohio App.3d 296, 300, 610 N.E.2d 1082, 1084. As stated in *National Life Ins. Co. v. Kohn* (1937), 133 Ohio St. 111, 113, 10 O.O. 122, 123, 11 N.E.2d 1020, 1021:

"[T]he power to make nunc pro tunc entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth."

In our view, the court's action in this case does not constitute the mere correction of a clerical mistake or an oversight as contemplated under Crim.R. 36. Judge Aubry's November 9, 1999, *nunc pro tunc* judgment entry was more than the mere correction of a mechanical mistake or omission. The entry represents what the court might or should have decided or what the court intended to decide rather than what the court actually decided. The substantive changes present in this corrected judgment entry go well beyond the scope of the court's power under Crim.R. 36. In this respect, we observe that approximately twenty-seven new lines (approximately three-hundred-fifty words) were added by the *nunc pro tunc* entry. Such elaboration and explanation is not indicative of an order merely correcting a clerical mistake but, rather, is indicative of an entry representing what the court might or should have decided.

We hold the judgment entry exceeds that which a *nunc pro tunc* order is intended to correct. Accordingly, appellant's third assignment of error is well taken. The November 9, 1999, *nunc pro tunc* judgment entry must therefore be disregarded. Consequently, this appeal lies only from the original judgment entry entered on November 5, 1999, without regard to the *nunc pro tunc* entry.

### Assignment of Error Number One

■ "The sentencing court erred and acted contrary to law when it stated it was imposing more restrictive community control sanctions but then actually imposed a prison term upon Defendant for community control sanctions violations."

When an offender violates a community control sanction, R.C. 2929.15(B) sets out the allowable penalties that may be imposed upon the violator. The court may impose a longer time under the same sanction if the total time under the sanction does not exceed the five-year limits specified in division (A) of R.C. 2929.15, a more restrictive sanction, or a prison term on the offender pursuant to R.C. 2929.14. R.C. 2929.15(B).

When the trial court elects to impose a prison term on a violator, the length of the term imposed must be within the range of prison terms available for the offense for which the sanction that was violated was imposed. *Id.* The length of the prison term imposed is further limited to the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(5) [1] of R.C. 2929.19. *Id.* In other words, under the relevant statutes, a violator may only be imprisoned for violating community control sanctions if (1) he was previously given notice of the specific prison term that would be imposed for such violation at the original sentencing hearing, and (2) the term of imprisonment given for violating the community control sanction does not exceed the term for which he was given notice at that prior hearing.

In the present case, the trial court imposed a nine month prison sentence on appellant for the admitted community control sanctions violations. Consequently, our inquiry concerning the propriety of this sentence begins with whether appellant was given proper notice of the specific prison term that would be imposed for such violations at the original sentencing hearing and whether the term of imprisonment actually given for the violations is within the range of prison terms available for the offense for which the sanction that was violated was imposed. We address the latter consideration first.

Appellant was indicted and pled guilty to one count of theft, a violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(5), an offender convicted of a felony of the fifth degree may generally be sentenced to a prison term ranging from six to twelve months. The nine month prison sentence imposed upon defendant for violating community control sanctions is therefore within the range of prison terms available for the original theft offense.

We now consider whether appellant was properly notified of the specific prison term that would be imposed for such violations. The trial court's judgment entry of sentence notified appellant that a "[v]iolation of this sentence shall lead to a more restrictive sanction for Defendant, up to and including a prison term of twelve months." Thus appellant had notice of a specific prison term that could be imposed as a penalty for a community control violation. Because the trial court

---

1. R.C. 2929.15(B) actually refers to R.C. 2929.19(B)(3), but we believe that the reference is a misprint and that the correct reference is to R.C. 2929.19(B)(5).

notified appellant of a specific prison term reserved at the original sentencing, the court thereafter could impose a prison term, within the prison terms available for the original theft offense, for a violation of the community control sanctions.

We note that appellant takes issue with the trial court's use of the phrase "more restrictive sanctions" and term "revoke." In our view, appellant is merely arguing semantics. While we recognize that the terms can have legal significance in certain contexts, in this case, the trial court was simply utilizing the terms in their ordinary fashion. The use of these terms does not prohibit the exercise of an otherwise available punishment option.

The trial court properly notified appellant of the specific prison term that could be imposed for violation of the community control sanctions and the nine month term of imprisonment given does not exceed the term for which he was given notice. Therefore, the trial court had the option of imposing a prison term on appellant for his violations of the community control sanctions and assuming the imposition thereof is done in accordance with the revised code it will not be disturbed. Accordingly, appellant's first assignment of error is without merit.

### Assignment of Error Number Two

■ "The sentencing court erred and acted contrary to law when it failed to properly consider and follow the statutory guidelines in its imposition of a prison term upon defendant for community control sanctions violations."

In appellant's second assignment of error, he asserts that the trial court improperly failed to consider the felony sentencing guidelines at the November 4, 1999, community control sanctions violation hearing.

In this case, before the trial court properly could impose the nine month prison term upon appellant for violation of the community control sanctions, R.C. 2929.15(B) required that the trial court comply with the sentencing requirements of R.C. 2929.14:

"If the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." R.C. 2929.15(B).

Consistent with the statutory prescriptions, this Court has held that "before the trial court may sentence [a defendant] to a prison term [for a community control violation], it must comply with the felony sentencing requirements in R.C. 2929.14." See, *State v. Riley* (1998), Union App. No. 14–98–38, at *3–*4, unreported, 1998 WL 812044, *State v. Manson* (1999), Union App. No. 14–98–50, 14–98–55,

14–98–58, at *4, unreported, 1999 WL 417027, and, *State v. Stokes* (1999), Union App. No. 14–98–53, at *4, unreported, 1999 WL 446087.

R.C. 2929.14 provides:

"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and *if the offender previously has not served a prison term,* the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, *unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.*" (Emphasis added.) R.C. 2929.14(B).

The transcript of the community control sanctions violation hearing contains no finding concerning whether appellant had previously served a prison term or that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by appellant or others. Absent such findings made on the record at the sentencing hearing, the court was obligated to impose the shortest prison term authorized for the offense, that being six months. See, R.C. 2929.15(A)(5).

■ We pause to note that when a defendant is being sentenced to a prison term for violating community control sanctions, the better method is for the trial court to approach the sentencing hearing anew. That is, in light of the scheme of the felony sentencing statutes, when a court is sentencing a defendant for violating community control sanctions, the sentence imposed must be in accordance with each of the implicated sections of the code. See, *e.g.,* R.C. 2929.11, 2929.12, 2929.13, 2929.14, and 2929.19.

Contrary, to R.C. 2929.14, the record herein contains none of the required statutory findings particularly relating to why the shortest prison term was not imposed. Accordingly, appellant's second assignment of error is sustained. The judgment of the Court of Common Pleas of Wyandot County is reversed and the cause remanded for resentencing not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW and WALTERS, JJ., concur.