OPINION
Kevin A. Yoh appeals the decision of the Auglaize County Court of Common Pleas finding him to have violated the conditions of his community control sanctions and sentencing him to a term of twelve months incarceration.
On June 16, 1999, defendant Kevin Yoh pled guilty to a fifth degree felony count of passing bad checks in violation of R.C.2913.11(A) and one first degree misdemeanor count of carrying a concealed weapon in violation of R.C. 2923.12(A). On August 18, 1999, the trial court determined that defendant was amenable to a community control sanction, and sentenced him to a five-year term of community control. The court specifically ordered the defendant to complete a term of incarceration at the Auglaize County Correction Center and complete a six-month residential program at the W.O.R.T.H. Center. However, on December 6, 1999, the trial court determined that defendant had violated the conditions of his community control sanction by being terminated from the W.O.R.T.H. Center program. The trial court imposed a maximum term of twelve months incarceration and gave the defendant jail-time credit for ninety-two days incarceration. The defendant now appeals, and asserts a single assignment of error with the trial court's judgment.
 The trial court failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Sections 2929.13 and 2929.14, resulting in appellant receiving the maximum sentence.
 In State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, unreported, 1998 WL 812044 at **3-4, this Court determined that before a trial court may sentence a defendant to a maximum term of incarceration it must comply with the requirements of R.C. 2929.14. We reaffirmed and extended this principle in State v. Stokes (June 17, 1999), Union App. No. 14-98-53, unreported, 1999 WL 446087, in which we held that it was error for a trial court to sentence a defendant to a term of incarceration greater than the minimum term for a community control violation "without complying with the mandates of R.C. 2929.14(B) at the community control violation hearing." Id. at *4 (emphasis added); accord State v. Manson (May 28, 1999), Union App. No. 14-98-50, unreported, 1999 WL 417027 at *4.
 [W]hen a defendant is being sentenced to a prison term for violating community control sanctions, the better method is for the trial court to approach the sentencing anew. That is, in light of the scheme of the felony sentencing statutes, when a court is sentencing a defendant for violating community control sanctions, the sentence imposed must be in accordance with each of the implicated sections of the code.
 State v. Brown (Mar. 20, 2000), Wyandot App. No. 16-99-12, unreported, 2000 WL 288718 at *4.
Here, defendant argues that the trial court failed to comply with the relevant sentencing statutes when imposing a prison sentence upon him. We agree. Our review of the hearing transcript reveals that the trial court wholly failed to comply with the relevant sentencing statutes, particularly R.C. 2929.14, when sentencing the defendant to a maximum term of incarceration. The trial court appeared to be under the impression that its findings at defendant's sentencing hearing were res judicata as to its consideration of the proper sanction for defendant's community control violation. See Transcript of CCS Hearing, at *23-25. While we have not been provided with a transcript of defendant's sentencing hearing, the statutes require that to sentence a defendant convicted of a fifth degree felony to a prison term, a sentencing court is first required to find that the defendant is not amenable to community control sanctions. See R.C.2929.13(B)(2)(a). We do not believe that the court could have properly made such a finding at defendant's sentencing hearing, since it in fact sentenced defendant to a combination of community control sanctions and therefore must have determined that the defendant was indeed amenable to community control. Obviously, if that finding were to be given res judicata effect, the court would be precluded from imposing a prison sentence when defendant violated that community control sanction. In any event, as the foregoing cases make clear, this position does not comport with the requirements of the sentencing statutes and is an incorrect understanding of the law. See, e.g., id.
Finally, we note that under the rule established in State v.Fair (Jan. 28, 2000), Auglaize App. No. 2-99-29, unreported, 2000 WL 116093 at *4, defendant is entitled to jail-time credit for time he served in the W.O.R.T.H. Center, and it appears that the trial court failed to grant such credit at defendant's initial community control violation hearing. See also State v. Hines
(Feb. 8, 1999), Auglaize App. No. 2-98-11, unreported, 1999 WL 84477.
For these reasons, defendant's sole assignment of error is sustained. This case is reversed and remanded to the Auglaize County Court of Common Pleas for resentencing.
Judgment reversed and cause Remanded.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and WALTERS, J., concur.