OPINION
Defendant-appellant Christopher L. Lawrence ("Lawrence") brings this appeal from the judgment of the Seneca County Court of Common Pleas sentencing him to eight and one-half years in prison for violation of his community control sanctions.
On December 29, 1998, Lawrence pled guilty to one count of burglary (a third degree felony), one count of safecracking (a fourth degree felony), one count of breaking and entering (a fifth degree felony), and one count of receiving stolen property (a fifth degree felony). The trial court sentenced Lawrence to community control and notified him that he could receive eight and one-half years in prison for violation of community control. On April 24, 2000, Lawrence admitted to violating the community control sanctions by use of alcohol and cocaine. The trial court then ordered Lawrence into a community based correction facility. On December 19, 2000, Lawrence again was found to have violated community control sanctions by having associated with felons. The trial court then ordered that Lawrence serve eight and one-half years in prison. It is from this judgment that Lawrence appeals.
Lawrence raises the following assignments of error.
 The trial court's imposition of the additional condition of Lawrence's community control sanction, namely that Lawrence "shall not associate with persons having the reputation of being involved in criminal activity" is overbroad, unclear and unreasonable and was arbitrarily enforced by the Adult Parole Authority.
 The trial court's imposition of the maximum sentences for each offense is against the rehabilitative theory of community control.
 Lawrence's admission of his probation violation was induced by false promise of a deal which resulted in a waiver of rights and a denial of due process.
 Defense counsel rendered ineffective assistance of counsel by failing to discharge his duty to make reasonable investigation of the facts relevant to the merits of the alleged probation violations and penalty ramification of admission to one violation.
 The trial court erred in failing to give Lawrence the proper notice that if Lawrence violated community control Lawrence could face up to eight and one-half years in prison.
 The trial court failed to include the findings of fact in sentencing; the imposition of maximum sentences by the trial court is not supported by the record and is contrary to law.
 The trial court incorrectly calculated credit for time already served.
 In the first assignment of error, Lawrence claims that the trial court's sanction that he not associate with criminals is overbroad. The specific condition of community control imposed by the trial court is as follows:
 The defendant shall not associate with persons having the reputation of being involved in criminal activity, including, but not limited to, Paul Echl.
 June 4, 1999, Judgment Entry, 2. Although this court recognizes the possibility of problems defining exactly who has a "reputation of being involved in criminal activity," this matter is not properly before us. This condition was set when community control sanctions were imposed in 1999. Thus, any questions concerning the validity of the condition should have been raised by direct appeal. The doctrine of res judicata prevents us from addressing the issue at this point in time. The first assignment of error is overruled.
In the second and sixth assignments of error, Lawrence argues that the imposition of maximum sentences is contrary to law. Lawrence was originally convicted of a third degree felony, a fourth degree felony, and two fifth degree felonies, which carry maximum sentences of five years, eighteen months, and twelve months in prison respectively. In order to equal the eight and one-half years to which Lawrence was sentenced, he would have to receive the maximum sentence on each offense and be ordered to serve each sentence consecutively. We note that the sentence Lawrence received for these offenses was three years of community control. The imposition of the eight and one-half year sentence is actually for the violation of the community control conditions. R.C. 2929.15(B). The prison term imposed may not exceed the range of terms available for the original offenses for which community control sanctions were imposed. Id. Here, Lawrence's sentence did not exceed the range of terms available for the original offense.
Although the sentence was within the range permitted by R.C. 2929.15(B), the trial court imposed the maximum sentence possible and all counts were ordered to be served consecutively. At sentencing for a community control violation, the trial court must comply with the felony sentencing requirements of R.C. 2929.14 and 2929.19.
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to [R.C. 2929.14(G)], if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of [R.C. 2925] and that is specified as being subject to [R.C. 2929.13(G)(2)] for a felony OMVI offense, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in [R.C. 2929.11], and any factors listed in [R.C. 2929.13(B)(1)(a-h)] that it found to apply relative to the offender.
* * *
 (c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences.
* * *
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term.
 R.C. 2929.19. If the defendant is sentenced to prison and the defendant has not previously served a prison term, the trial court shall impose the shortest prison term authorized unless the trial court finds that the shortest term would demean the seriousness of the conduct or would not adequately protect the public from future crimes by the offender. R.C. 2929.14(B).
In this case, Lawrence pled guilty and was sentenced to community control sanctions. At the time, the trial court made the following findings.
 A community control sanction will adequately punish the defendant and protect the public because the applicable factors under [R.C. 2929.12] indicating that recidivism is less likely outweigh those indicating that recidivism is more likely.
 A community control sanction would not demean the seriousness of the offense because the factors under [R.C. 2929.12] decreasing seriousness outweigh those increasing seriousness.
 June 4, 1999, Judgment Entry, 2. At the sentencing hearing for the revocation of community control sanctions, the following dialogue occurred.
 The Court: Very well. Then based upon the waiver of the admission, the Court finds that the Defendant has, in fact, violated his probation and will proceed directly to sentencing.
 Mr. Lawrence, is there anything you wish to say before this Court pronounces its sentence?
The Defendant: No, Your Honor.
The Court: Mr. Mulkey?
Mr. Mulkey: No, Your Honor.
The Court: Mr. Repp?
 Mr. Repp: None, Your Honor. I know that there was originally an eight and a half year sentence, which was imposed on the Defendant. I would need a few minutes to calculate I know that he was at CROSS WAEH and it's my understanding he would receive credit for
The Court: Right.
Mr. Repp: — for the time that he was there.
The Court: I assume this is okay with you?
Mr. Mulkey: Yes, Your Honor.
 The Court: Very well then. The Court having taken into consideration the statements made by everyone, plus the victim impact statement previously entered in this case, and the presentence report, and the principles and purposes of sentencing under 2929.11 and point 12, the presumptions under point 13; the Court finds that the Defendant has been convicted of Count 1, burglary, a violation of 2911.12(A)(3), a felony of the third degree; Count 2, breaking and entering, a violation of 2913.01, a felony of the fifth degree; Count 3, safe cracking, a violation of 2911.51, a felony of the fourth degree; Count 4, receiving stolen property, a violation of 2911.51, a felony of the fifth degree.
 It is therefore ordered, adjudged, and decreed when was the original sentence imposed? That's when I put it on paper.
 Mr. Repp: It was the entry is June 4th of '99, Your Honor. That's the file stamp.
The Court: June 4th?
Mr. Repp: The sentencing journal entry.
 The Court: That's where I put him on paper. Did I have a had I already imposed a sentence, a term of incarceration?
The Defendant: I did two months.
 The Court: I had assumed so, only because you said reimpose the original sentence.
The Defendant: There was no original sentence, sir.
The Court: What's the date? I can't find it in the file.
Mr. Mulkey: June 3, 1999.
 The Court: And how much time in prison did he get as a result of that journal entry?
Mr. Mulkey: Sixty days in the Seneca County jail.
Mr. Repp: He was given
 The Court: Right. He was given community control at that time. My question is very simple, did I put you in prison after that?
The Defendant: No, sir.
 The Court: So this is the original sentence? So I'm imposing the original sentence?
 Mr. Repp: I'm sorry, Your Honor, I thought that there was an original sentence of eight and a half years.
The Court: Well, I can keep looking.
Mr. Repp: I'm sorry, Your Honor.
The Court: No.
 Mr. Repp: Your Honor, I would direct your attention to page 3 of the sentencing journal entry. It states as follows: Violations of any of the sentence shall lead to a more restrictive sanction, a longer sanction or a prison term of eight and one half years.
 The Court: Okay. Then, that I assume is the maximum penalty for each of those counts?
Mr. Repp: That's correct.
 The Court: All right. Then that sentence is imposed, credit for time, that we will compute later. He is ordered to pay court costs and he is remanded to the custody of the Seneca County Sheriff for the carrying out of said sentence.
Sentencing Hearing, 6-9.
The original sentence in this case was community control, not a prison term. Trial courts no longer suspend sentences and place offenders on probation. State v. Corbin (1999), 131 Ohio App.3d 239, 722 N.E.2d 154. "The practice of suspending a prison sentence prior to placing a defendant on probation was replaced with a system of directly sentencing a defendant to a community control sanction." Id. at 243,722 N.E.2d at 157. Thus, the prison sentence of eight and one-half years is not being reimposed on Lawrence. It is a new sentence that is being imposed for violation of the community control sanctions.
The state argues that since the trial court gave Lawrence notice of the specific time, the statutory requirements are satisfied. This argument is not persuasive. The purpose of the notice is to inform the offender of the maximum time possible for a violation of the sanctions. Although the trial court cannot impose a greater sentence than that stated, the trial court can impose a lesser sentence. State v. Marvin (1999),134 Ohio App.3d 63, 730 N.E.2d 401. Automatic imposition of maximum, consecutive sentences without the required findings, just because a defendant was warned that he could get that great a sentence, does not comply with the statutory requirements.
A sentence for a violation of community control sanctions must be within the range specified for the underlying offenses that resulted in the sanctions. In order to sentence Lawrence to maximum, consecutive sentences, the trial court must state its reasons for doing so at the sentencing hearing. The transcript of the sentencing portion of the hearing shows that the trial court did not do so in this case. In fact, the trial court's sole reason for the sentence was that Lawrence was told he would get eight and one-half years for a violation. Without the required reasons to support the sentence, the sentence must be reversed.State v. Martin (1999), 136 Ohio App.3d 355, 736 N.E.2d 907.
Lawrence also argues that the record does not support imposition of maximum consecutive sentences. A review of the record shows that Lawrence has never served a prior prison term. It also shows that the trial court originally determined that the seriousness of the offense would not be demeaned by community control sanctions and that a prison term was not necessary to protect the public. The violation for which Lawrence is being sentenced is being in the company of one having the reputation of engaging in criminal acts, which is unquestionably a violation of his sanctions. This alone may not be sufficient to justify a change from community control sanctions to the most extreme prison sentence possible. However, since the sentence is being reversed and remanded, we leave this matter to the trial court's discretion. The second and sixth assignments of error are sustained.
In the third assignment of error Lawrence claims that his admission to the violation was not voluntary. At the revocation hearing, the trial court questioned the attorneys as to the agreement reached. The prosecuting attorney set forth the agreement on the record and defense counsel concurred. The trial court then asked Lawrence if this was what he understood the deal to be and Lawrence agreed. The trial court also informed Lawrence that by admitting the violation, he was waiving his right to a hearing and Lawrence again agreed. Based upon this, the record does not present any evidence that Lawrence's admission was coerced or that he did not fully understand the proceedings. Thus, the third assignment of error is overruled.
The fourth assignment of error is based upon a claim of ineffective assistance of counsel. Counsel will only be found to be ineffective where appellant demonstrates that the representation failed to meet an objective standard of reasonable representation and resulted in prejudice. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. "To warrant reversal, `[t]he [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Bradley (1989), 42 Ohio St.3d 136, 152,538 N.E.2d 373, 380. This burden is placed upon the appellant because a licensed attorney is presumed competent in Ohio. State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128.
Lawrence claims his trial was ineffective because counsel only met with him once for 15 minutes and failed to investigate the alleged violations. However, the record reveals nothing to indicate that counsel did not act in a professional manner. Without evidence on the record to support the allegations, we must overrule the assignment of error.
In the fifth assignment of error, Lawrence claims that the trial court did not provide him with the appropriate notice that he could receive an eight and one-half year sentence for violation of community control sanctions.
 The court shall notify the offender that if the conditions of the sanction are violated, the court may impose a longer time under the same sanction, may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C. 2929.14].
 * * *
 The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing.
R.C. 2929.15(B).
In this case, Lawrence signed the bill of information, which set forth the maximum sentences possible for each offense. The bill of information also informed Lawrence that if he should be granted community control and later violated its terms, he could be sent to prison for up to the maximum sentences of the offenses. In the judgment entry sentencing Lawrence to community control, the trial court stated that any violation of the sanctions could result in a prison term of eight and one-half years.[1] Given the language of the original judgment entry sentencing Lawrence to community control, the trial court substantially complied with the requirement that Lawrence be notified of the potential prison sentence. See State v. Brown (2000), 136 Ohio App.3d 816, 737 N.E.2d 1057. The fifth assignment of error is overruled.
The final assignment of error raises the question of the calculation of time served. The trial court granted Lawrence credit for 234 days. Lawrence claims that he should receive credit for time served in the rehabilitation facility. R.C. 2949.08 provides for reduction of sentence for prior confinement. "[A] person shall be considered to have been confined for a day if the person was confined for any period or periods of time totaling more than eight hours during that day." R.C. 2949.08(D). This court has previously held that if a trial court has ordered an offender to stay at a community-based correctional facility, including drug rehabilitation centers, as part of the community control sanctions, that time must be credited against any future prison term. State v.Corbin (1999), 131 Ohio App.3d 239, 722 N.E.2d 154.[2]
In this case, the trial court did not order that Lawrence attend the Teen Challenge program. Thus, the trial court is not required to include that time in its calculation. However, the time spent at the CROSSWEAH program, which was ordered by the court for a prior violation of community control, and the time spent in local jails should be included. The record is silent as to what the trial court included in its calculation. Since this matter will have to be readdressed by the trial court on remand, this assignment of error is moot.
The judgment of the Court of Common Pleas of Seneca County is affirmed in part and reversed in part.
Judgment affirmed in part and reversed in part and cause remanded.
 ____________________ Bryant, J.
 WALTERS, P.J., and SHAW, J., concur.
[1] This court was not provided with a transcript from the original sentencing hearing, so we cannot determine whether the trial court gave Lawrence notice of the possible prison term at that time.
[2] The State argues that no time need be calculated for confinement atrehabilitation facilities. In support of this claim, the State cites toState v. Nagle (1986), 23 Ohio St.3d 185, 492 N.E.2d 158. We noted inCorbin that Nagle is a pre-Senate Bill 2 case that limits calculation of time prior to the imposition of a suspended sentence. The matter before this court is the inclusion of time served during the execution of the community control sentence.