{¶ 1} On June 18, 2002, relator, Donald Rarden Jr., an inmate presently incarcerated at the Southeastern Correctional Institution, filed this action seeking a writ of mandamus directing respondent, Ohio Adult Parole Authority, to credit him with 30 days jail time credit. Relator claims that he is owed this credit pursuant to a nunc pro tunc entry filed by the Butler County Court of Common Pleas on May 3, 2002.
 {¶ 2} Relator's complaint was referred to a magistrate of this court on June 27, 2002, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. After reviewing the record, the magistrate rendered a decision and recommendation which includes comprehensive and appropriate findings of fact and conclusions of law. (Attached as Appendix A.) Specifically, the magistrate concluded that this court should grant respondent's motion for summary judgment and deny relator's complaint for a writ of mandamus. No objections to that decision and recommendation have been filed.
 {¶ 3} Having now completed our own review, this court concludes that the magistrate properly applied the applicable law to the relevant facts of record. We also agree with the magistrate that this court lacks subject matter jurisdiction. Accordingly, we adopt the findings of fact and conclusions of law rendered in the magistrate's August 29, 2002 decision as our own. However, we reject the magistrate's decision to grant the respondent's motion for summary judgment. Therefore, respondent's motion is denied, and relator's petition for a writ of mandamus is dismissed for lack of subject matter jurisdiction.
Motion for summary judgment denied;
petition for writ of mandamus dismissed.
BOWMAN, J., and TYACK, P.J., concur.
 APPENDIX A DECISION IN MANDAMUS {¶ 4} In this original action, relator, Donald Rarden, Jr., an inmate of the Southeastern Correctional Institution, requests a writ of mandamus ordering respondent Ohio Adult Parole Authority ("OAPA") to credit him with the 30 days jail time credit set forth in a nunc pro tunc entry filed by the Butler County Court of Common Pleas on May 3, 2002.
 {¶ 5} Findings of Fact:
 {¶ 6} 1. On June 18, 2002, relator filed this mandamus action against respondent OAPA. Relator attached to his complaint a copy of an entry filed by the Butler County Court of Common Pleas on May 3, 2002, granting him 30 days jail time credit in case No. CR00-12-1668.
 {¶ 7} 2. Relator also attached to his complaint a copy of a judgment of conviction filed by the Butler County Court of Common Pleas on August 15, 2001 in case No. CR00-12-1668. The August 15, 2001 judgment of conviction grants ten days jail time credit to relator.
 {¶ 8} 3. According to the complaint, respondent refuses to credit him in accordance with the May 3, 2002 entry granting him 30 days jail time credit. Relator seeks a writ of mandamus ordering respondent to credit him jail time credit in accordance with the May 3, 2002 entry.
 {¶ 9} 4. On July 17, 2002, respondent filed a motion to dismiss. On July 22, 2002, respondent filed a "supplement" to its motion to dismiss. Respondent attached to its "supplement" a copy of a nunc pro tunc entry filed by the Butler County Court of Common Pleas on July 19, 2002. The July 19, 2002 entry grants only one day of jail time credit in case No. CR00-12-1668.
 {¶ 10} 5. On August 6, 2002, the magistrate converted respondent's motion to dismiss to one for summary judgment.
 {¶ 11} 6. On August 19, 2002, respondent filed the affidavit of Cindy Carpenter, the Clerk of Courts for Butler County. Attached to the affidavit is a certified copy of the nunc pro tunc entry filed by the Butler County Court of Common Pleas on July 19, 2002. As previously noted, that entry grants relator only one day of jail time credit in case No. CR00-12-1668.
 {¶ 12} Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 14} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337,339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 15} Civ.R. 56(E) states in part:
 {¶ 16} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 17} R.C. 2967.191 states:
 {¶ 18} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 19} It is the clear legislative intent that the trial court's determination be the basis for granting credit pursuant to R.C. 2967.191. State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 573. Once the trial court has performed this duty, a duty falls to the Ohio Department of Rehabilitation and Correction to credit the prisoner in accordance with the trial court's determination.[1] Id.
 {¶ 20} Here, it is undisputed that subsequent to the filing of its May 3, 2002 entry granting 30 days jail time credit, the Butler County Court of Common Pleas filed an entry on July 19, 2002 that, on its face, corrects the May 3, 2002 entry so that only one day of jail time credit is granted.
 {¶ 21} Under R.C. 2967.191, as interpreted by this court in Corder, supra, respondent must obey the command of the July 19, 2002 entry of the Butler County Court of Common Pleas. Respondent has no discretion by itself to determine the validity of the orders it receives from a sentencing court. See Corder, supra.
 {¶ 22} Here, relator suggests that the Butler County Court of Common Pleas had no authority to issue its July 19, 2002 nunc pro tunc entry. Respondent responds by asserting that, if the common pleas court had no authority to issue its July 19, 2002 nunc pro tunc entry, it must not have had authority to issue its May 3, 2002 entry either and thus, relator cannot prevail upon the May 3, 2002 entry to compel respondent to act. See State v. Brown (2000), 136 Ohio App.3d 816 (setting forth the law on when nunc pro tunc orders are appropriate).
 {¶ 23} The validity of the May 3, 2002 and July 19, 2002 entries of the Butler County Court of Common Pleas is not at issue before this court. This court of appeals has no supervisory jurisdiction over the Butler County Court of Common Pleas by way of an appeal from a judgment of that court or by way of a petition for a writ of prohibition against that court.
 {¶ 24} Thus, the magistrate finds that summary judgment in favor of respondent is appropriate here. There is no genuine issue of material fact; respondent is entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner, supra.
 {¶ 25} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.
[1] Effective March 17, 1998, R.C. 2967.191 was amended so that the duty to credit for jail time was given to the department of rehabilitation and correction rather than the OAPA.