JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a judgment entered after a bench trial before Judge Burt W. Griffin that convicted appellant Voltaire McCornell of intimidation.[1] McCornell claims the evidence was insufficient to prove the offense. We affirm the conviction, but remand for correction of clerical errors in the sentencing journal entry and opinion.
 {¶ 2} On October 30, 2001, then thirty-three year old McCornell arrived at a hospital to pick up Monica O'Neal, who was being discharged after giving birth to the couple's baby daughter. Ms. O'Neal refused to leave with McCornell, however, because he had been drinking and he insisted they leave before receiving a complimentary dinner and discharge papers given to couples with newborns. An argument ensued, and he told her "You are going to make me kick your ass if you don't come on," and that "I should black your eye right now." Ms. O'Neal claimed that she believed the threats, and told the hospital staff that she did not want to leave with him. A staff member contacted police but Ms. O'Neal refused to press charges against McCornell, stating that she only wanted the keys to her home and car from him. A police officer returned her keys and McCornell either left or was escorted from the building.
 {¶ 3} Although McCornell and Ms. O'Neal were not living together at that time, he was paying the bills for her apartment and had entry keys. Before she was released from the hospital, he called her from her apartment and told her to come home soon. After leaving the hospital, Ms. O'Neal went to a police station to seek an escort home but, because it took a long time for her to receive assistance, she eventually went home accompanied by her mother. There she found that some of her belongings were missing, including family photos and memorabilia from her father's service in Vietnam. McCornell called and told her that he had taken her things because she had not come home early enough. She then called the police.[2] Later that evening, after the police questioned him about the missing items, McCornell called Ms. O'Neal and said something to the effect of "You called the police. We are going to go all out." At around 10:00 p.m. he arrived at her apartment and she again called the police, who arrested him. He was charged with domestic violence under R.C.2919.25(C) for his threats against Ms. O'Neal at the hospital, and with intimidation under R.C. 2921.04(B) for his statement that "We are going to go all out." The domestic violence charge carried a prior conviction specification, which made the offense a third degree misdemeanor, while the intimidation offense was a third degree felony.
 {¶ 4} McCornell waived his right to jury trial, the judge found him guilty of both domestic violence and intimidation, and sentenced him to a six-month jail term for the domestic violence conviction, a concurrent five-year prison term for the intimidation conviction, and five years of post-release control. The judge found that McCornell posed the greatest likelihood of committing future offenses because of his history of domestic violence and his inability to accept responsibility for that conduct.
 {¶ 5} The judge filed a judgment entry and a separate sentencing opinion with respect to the convictions and sentences, both of which mistakenly stated that the domestic violence offense was a violation of R.C. 2919.21, which criminalizes the non-support of dependents. The judgment entry also mistakenly stated that the domestic violence offense was a fifth degree felony, while the sentencing opinion correctly classified the offense as a third degree misdemeanor. Both entries reduced the six-month sentence imposed at the hearing for this offense to sixty days, the maximum allowed for a third degree misdemeanor. The judgment entry also misstated the intimidation offense as a third degree misdemeanor, while the sentencing opinion correctly stated that the offense was a third degree felony, and both entries reflected the five-year prison term imposed at the hearing. Finally, the judgment entry made a general statement that post-release control was imposed "for the maximum period allowed" while the sentencing opinion stated that McCornell "shall be subject to a period of post-release control up to three years as determined by the Parole Board pursuant to R.C. 2967.28."
 {¶ 6} The single assignment of error claims there was insufficient evidence to sustain the intimidation conviction. A sufficiency claim raises a question of law that we review de novo[3] to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[4] Stripped of its inapplicable alternatives, the third degree felony intimidation offense charged against McCornell required a showing that he: (1) knowingly; (2) by unlawful threat of harm to any person or property; (3) attempted to influence, intimidate, or hinder; (4) the victim of a crime; (5) in the filing of criminal charges.[5]
 {¶ 7} The conviction is based upon evidence that McCornell threatened Ms. O'Neal at the hospital, went to her home and took her belongings, and called her after the police arrived to question him about the missing items, at which time he uttered the statement, "You called the police. We are going to go all out." McCornell contends that the statement is too vague and ambiguous to constitute a threat of harm, and he points out that Ms. O'Neal testified that she could not remember whether, at that time, she felt threatened by the remark. The offense, however, focuses on the defendant's conduct — the victim's reaction is not an element of the offense. Based upon the evidence of his prior threats to Ms. O'Neal and his conduct in hiding her property, the judge rationally could conclude that McCornell intended the statement as a threat or, at least, that he considered it substantially likely that the statement would be taken as a threat.[6]
 {¶ 8} Although the statement is ambiguous standing alone, its meaning must be assessed in light of the surrounding circumstances because the meanings of words "are often dependent upon the context and manner in which they are used."[7] Therefore, the evidence was sufficient to allow a conclusion that McCornell knowingly threatened harm to Ms. O'Neal's person or property as a means of influencing her decision to charge him with a theft offense after he took her property. The assignment of error is overruled and McCornell's conviction is affirmed.
 {¶ 9} As noted, the judgment entry and sentencing opinion do not comport with the sentence imposed at the sentencing hearing, and the journalized documents contain errors in recording the convictions and sentences. However, the journal entries reduce the sentence imposed at the sentencing hearing, and McCornell has not challenged those reductions. At the sentencing hearing the judge incorrectly imposed a six-month jail term for a third degree misdemeanor, which carries a maximum jail term of sixty days, but in the journal entry and sentencing opinion he correctly sentenced McCornell to sixty days for that offense. Moreover, although the judge incorrectly imposed a five-year term of post-release control at the sentencing hearing, the sentencing opinion imposed only a potential three-year term at the discretion of the parole board.[8]
 {¶ 10} Because neither McCornell nor the state have challenged the sentence reductions it is unnecessary to remand for resentencing.[9] As to the remaining errors in the judgment entry and sentencing opinion, we remand for correction of the journal entries because nunc pro tunc orders are allowed to make the record reflect what actually occurred at the hearing.[10] Therefore, we remand solely for the purpose of correcting the June 25, 2002 verdict, the June 25, 2002 judgment entry of conviction and sentence, and the June 25, 2002 sentencing opinion. All three entries should be corrected to show that McCornell was convicted of a third degree misdemeanor violation of R.C. 2919.25 and a third degree felony violation of R.C. 2921.04(B). The sentencing entries should be corrected to show that McCornell was sentenced to a sixty-day jail term for the violation of R.C. 2919.25, a five-year prison term for the violation of R.C. 2921.04(B), and a discretionary three-year term of post-release control.
Judgment affirmed and remanded for correction of journal entries.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., concurs.
MICHAEL J. CORRIGAN, P.J., concurs in judgment only.
[1] R.C. 2921.04(B).
[2] The items eventually were recovered when McCornell revealed that he had hidden them in her garage.
[3] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[4] (Emphasis sic.) State v. Stallings, 89 Ohio St.3d 280, 289,2000-Ohio-164, 731 N.E.2d 159, quoting Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.
[5] R.C. 2921.04(B).
[6] R.C. 2901.22.
[7] In re Lawson (Dec. 7, 1994), Summit App. No. 16886.
[8] Although R.C. 2967.28(B)(3) provides for a mandatory three-year term for third degree felony offenses in which the offender threatened physical harm to a person, on this record the judge could find that McCornell's intimidation threatened only property.
[9] Cf. State v. Bell (1990), 70 Ohio App.3d 765, 773, 592 N.E.2d 848
(judge is without authority to increase sentence outside defendant's presence).
[10] State v. Francis (Jan. 25, 2000), Guernsey App. No. 98CA13; cf.State v. Brown (2000), 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057.