OPINION
{¶ 1} Antwan Jermaine Reid appeals from a judgment of the Montgomery County Court of Common Pleas, which revoked community control sanctions and imposed two consecutive eighteen-month terms of incarceration.
 {¶ 2} In 1999, pursuant to a plea agreement, Reid was convicted of carrying a concealed weapon and failure to comply with an order of a police officer. It is undisputed that the trial court informed Reid at the plea hearing that he could receive a sentence of eighteen months on each offense. However, the trial court imposed a sentence of community control. At the sentencing hearing and in the termination entry, the trial court stated that, if Reid violated any law, "the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of 18 months."
 {¶ 3} In 2001, Reid was charged with aggravated murder and aggravated robbery, and he was convicted of those offenses. The trial court took judicial notice that these convictions violated the terms of Reid's prior community control sentence. Accordingly, the court imposed two consecutive eighteen-month sentences for the earlier convictions of carrying a concealed weapon and failure to comply with an order of a police officer. These sentences were to be served consecutively with the sentences imposed for aggravated murder and aggravated robbery.
 {¶ 4} Reid appeals from the imposition of these sentences, raising one assignment of error.
 {¶ 5} "The Trial Court Erred In Imposing An Improper Sentence."
 {¶ 6} Reid claims that the trial court was not permitted to impose two consecutive eighteen-month sentences because, at the original sentencing hearing, he was told that a violation of community control could result in "a prison term of 18 months," i.e., a total of no more than eighteen months.
 {¶ 7} R.C. 2929.15(B) provides that a prison term imposed for a violation of community control shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing. See R.C. 2929.19(B)(3); see, also, State v. Brown (2000), 136 Ohio App.3d 816, 821. The state concedes that, at the sentencing hearing, the trial court advised Reid of a possible sentence of only eighteen months. The state argues, however, that Reid had been informed at other times, including the plea hearing, that a violation of community control could result in a sentence of eighteen months on each count and that the totality of the record should be considered in determining whether Reid had adequate notice of the sentence that was ultimately imposed.
 {¶ 8} The language of R.C. 2929.15(B) unambiguously requires that an offender be informed at the sentencing hearing of the sentence that may be imposed for a violation of community control. Although Reid may indeed have been aware of the possibility of consecutive eighteen-month sentences, the trial court was constrained to impose only the sentence that it had announced at the sentencing hearing. Thus, the trial court erred in imposing consecutive eighteen-month sentences for Reid's violation of community control.
 {¶ 9} The assignment of error is sustained.
 {¶ 10} The judgment of the trial court will be reversed, and the matter will be remanded to the trial court to amend the sentence to reflect two concurrent eighteen month sentences.
BROGAN, J. and YOUNG, J., concur.