{¶ 11} I concur with the majority's opinion disposing of the first assignment of error, but respectfully dissent with the majority's conclusion that the trial court's nunc pro tunc order was merely a correction of a clerical error.
 {¶ 12} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 43, however, provides that:
"(A) Defendant's presence
The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes."
 {¶ 13} Upon this Court's original remand for resentencing, the trial court noted that since Ferrell's offenses occurred on or about December 19, 1992, a time before the sentencing changes under Senate Bill 2, Ferrell would be sentenced under those guidelines. Before imposing sentence, the court advised Ferrell of the possible sentences and advised him that:
"Under Section 2911.01 of the Revised Code aggravated robbery is an aggravated felony of the first degree punishable in the same manner, five, six, seven, eight, nine or ten to 25 years in prison, and the same penalty also applies to the charge of kidnapping, under Section 2905.01 of the Ohio Revised Code." Transcript at 5.
 {¶ 14} After allowing argument from defense counsel and from the State, and advising Ferrell of the possible range of sentences, the trial court sentenced Ferrell and found:
"Now, with respect to counts five through ten, the Court imposes the sentence of 10 years in prison on each of these counts. These 10 year sentence [sic] on counts five through ten will run concurrent to each other." (Transcript at 18.)
 {¶ 15} Although the majority contends that any correction of Ferrell's sentence from ten years to ten to twenty-five years was merely a clerical error, I believe this correction imposes a substantive change that necessitates a remand for resentencing.
 {¶ 16} In State v. Brown, 136 Ohio App.3d 816, 2000-Ohio-1660, Brown was sentenced to nine months in prison after violating a previous community control sanction. Four days after entering its journal entry, the trial court journalized a nunc pro tunc order which changed the previously pronounced sentence. On appeal, the court distinguished this correction from a Crim.R. 36 clerical error, and found that the trial court's nunc pro tunc entry made substantive changes to Brown's sentence. The court then disregarded the nunc pro tunc entry in its entirety.
 {¶ 17} Likewise, in State v. Gabriel, (Dec. 31, 1987), Cuyahoga App. No. 53141, the defendant appealed claiming that the trial court, outside of his presence, increased his original sentence through the use of a nunc pro tunc entry. Although Gabriel was originally sentenced to a period of nine to twenty-five years and five to fifteen years on various charges, seven days later, the trial court vacated its original sentence and imposed a sentence of ten to twenty-five years on each count, sentences to run concurrent. The trial court then journalized an entry indicating that the later entry was a nunc pro tunc, which therefore replaced the first entry.
 {¶ 18} On appeal, this Court noted that Crim.R. 43(A) specifically requires a defendant's presence at every stage of the proceedings, including the imposition of sentence, and further found that this reasoning applied where one sentence is vacated and a new sentence imposed. See City of Columbus v. Rawland (1981), 2 Ohio App.3d 144. The nunc pro tunc judgment entry was then nullified with the specific finding that the trial court erred in increasing the sentence outside of the defendant's presence.
 {¶ 19} Similarly, in State v. Calvillo (Nov. 25, 1991), Cuyahoga App. No. 59282, the defendant appealed his felonious assault conviction claiming that the trial court's nunc pro tunc entry increasing his sentence violated Crim.R. 43 since he was not present for resentencing. The facts reveal that the initial sentence, i.e., a two- to fifteen-year sentence for an aggravated felony of the second degree, was not statutorily authorized. To correct this error, the trial court used a nunc pro tunc order to state the proper statutory period, i.e., three to fifteen years. This Court found that a trial court can correct an illegal sentence so long as it is in open court with the defendant present and with a full explanation for resentencing — a fact not present in the instant case.
 {¶ 20} In this case, I believe the trial court likewise used a nunc pro tunc entry to make a substantive correction to a prior entry. As held by the Ohio Supreme Court, "[n]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Stateex rel. Fogle v. Steiner, 74 Ohio St.3d 158, 164, 1995-Ohio-278. (Emphasis added.)
 {¶ 21} The transcript reflects that on January 17, 2005, Ferrell was sentenced to ten years on counts five through ten. Fifteen days later, on February 1, 2005, the trial court entered a nunc pro tunc order altering the sentence from ten years to ten to twenty-five years. While the court might have imposed or intended to impose a ten- to twenty-five-year sentence originally, it clearly did not do so at the time of sentencing. Nunc pro tunc orders are allowed only to make the record reflect whatactually occurred at the hearing. See State v. McCornell, Cuyahoga App. No. 81581, 2003-Ohio-2474; See, also, State v. Francis (Jan. 25, 2000), Guernsey App. No. 98CA13; State v. Brown, 136 Ohio App.3d 816, 819-820,2000-Ohio-1660.
 {¶ 22} For these reasons, I would find Ferrell's second assignment of error to have merit and remand for a complete resentencing.