[Cite as *State v. Murray*, 2023-Ohio-310.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111546 |
| v. | : | |
| VONDEL T. MURRAY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 2, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660314-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Timms, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Vondel T. Murray ("Murray"), raising a single assignment of error, argues that the Reagan Tokes Law is unconstitutional and, therefore, his sentence imposed under that law is invalid. For the following reasons,

we find the Reagan Tokes Law is constitutional, affirm the lower court's ruling, and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} On June 9, 2021, in Cuyahoga C.P. No. CR-21-660314-A, a Cuyahoga County Grand Jury indicted Murray on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and two counts of felonious assault in violation of R.C. 2903.11(A)(2). All four counts included one-year firearm specifications, three-year firearm specifications, and five-year firearm specifications. The charges arose from an incident that resulted in Murray shooting two individuals. On June 14, 2021, Murray pleaded not guilty to the indictment.

{¶ 3} On March 31, 2022, Murray withdrew his prior pleas and pleaded guilty to amended Count 1, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1) with a one-year firearm specification and amended Count 2, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1). The remaining counts were nolled.

{¶ 4} On April 28, 2022, the trial court held a sentencing hearing. On Count 1, the court ordered Murray to serve one year on the firearm specification to run prior to and consecutive to a five-year sentence on the felonious assault charge. The court sentenced Murray to five years on amended Count 2. The court ordered the five-year sentences to be served concurrently. Pursuant to the Reagan Tokes Law, the court imposed a maximum sentence of seven and one-half years on Count

1. The court also imposed postrelease control. On May 2, 2022, the trial court issued a sentencing journal entry.

**{¶ 5}** On May 24, 2022, Murray filed an appeal presenting a single assignment of error for our review:

> Assignment of Error: As amended by S.B. 201, the Revised Code's sentences for first- and second-degree qualifying felonies violate the Constitutions of the United States and the State of Ohio; accordingly, the trial court plainly erred in imposing a S.B. 201 indefinite sentence.

**Legal Analysis**

**{¶ 6}** In his sole assignment of error, Murray argues that the Reagan Tokes Law is unconstitutional and, therefore, his sentence imposed under that law is invalid. Specifically, Murray argues that his indefinite sentence under the Reagan Tokes Law, enacted under S.B. 201 and R.C. 2901.011, is unconstitutional because it violates his constitutional right to a jury trial, the separation-of-powers doctrine, and his due process rights.

**{¶ 7}** This court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), overruled Murray's challenges to S.B. 201 that are presented in this appeal. Therefore, we are constrained to follow *Delvallie*, and as such, find that the Reagan Tokes Law is constitutional. We must find that Murray's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights and, therefore, his assignment of error is overruled.

**{¶ 8}** In its appellee brief, the state of Ohio noted an error in the trial court's sentencing journal entry. At the sentencing hearing, the trial court imposed a five-

year prison term on Count 1, plus a one-year sentence on the firearm specification to be served prior to and consecutive to the underlying charge. Pursuant to the Reagan Tokes Law, the court imposed a maximum term of seven and one-half years on Count 1. The court also sentenced Murray to a five-year prison term on Count 2, to be served concurrently with the five-year sentence on Count 1:

> COURT: You must be sentenced for a period that this Court concludes is six years, and I'll do that by sentencing you to one year for the firearm spec, followed by a five-year period of incarceration. Count 1 —
>
> * * *
>
> There is a firearm spec indicating he had a firearm on or about his person or under his control when he committed the offense. The ORC requires a period of one year incarcerated followed by a five-year sentence for a total sentence of six years for this offense on Count 1. He is sentenced to a five-year concurrent sentence on Count 2.
>
> * * *
>
> It is Reagan Tokes, which means that the five years, under the current state of the law, could become 7.5 years at the discretion of the Ohio Department of [Rehabilitation and Correction].

{¶ 9} In contrast to the court's comments in open court, the court's May 2, 2022 sentencing entry stated, in pertinent part:

> The court imposes a minimum prison term of 6 year(s) and a maximum prison term of 8 year(s), 6 month(s) on the underlying offense(s). The total stated prison term is six to eight and a half years at the Lorain Correctional Institution.

{¶ 10} In compliance with the Reagan Tokes Law, courts impose maximum prison terms on qualifying offenses. R.C. 2929.144(B)(3). Firearm specifications are not considered in the calculation of the maximum term. R.C. 2929.144(B)(4).

Further, a stated minimum term does not include firearm specifications. R.C. 2929.14(A)(2)(a); *State v. Scott*, 8th Dist. Cuyahoga No. 109689, 2022-Ohio-1486, ¶ 28 (S. Gallagher, A.J., concurring). The trial court sentenced Murray on Count 1 to a five-year minimum prison term with a maximum sentence of seven and one-half years. R.C. 2929.144(B)(3). However, the trial court's sentencing journal entry incorrectly included the one-year firearm specification in the minimum and maximum prison term calculations.

{¶ 11} Trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). Clerical mistakes refer to mistakes or omissions that are "mechanical in nature and apparent on the record" and do not address a legal decision or judgment. *State v. Brown*, 136 Ohio App.3d 816, 820, 737 N.E.2d 1057 (3d Dist.2000), citing *Dentsply Internal., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985).

{¶ 12} The May 2, 2022 journal entry contains clerical errors that can be corrected through a nunc pro tunc entry. On remand, the trial court shall correct the clerical error in the May 2, 2022 journal entry to accurately state that the court imposed on Count 1 a minimum prison term of five years and a maximum prison term of seven and one-half years.

{¶ 13} Judgment affirmed and case remanded for proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.